# Johnson *et al. v.* Simmons & Bagwell.

### *Action to Enfore Material-Man's Lien.*

1. *Material-man's lien; sufficiency of evidence.*—In an action to enforce a material-man's lien, where the cause is tried by the court without a jury and the court, at the written request of one of the parties, makes a special finding of facts, wherein it does not appear that it was found by the court that the plaintiff supplied the material for the price of which the suit was brought, for the purpose of being used in a certain house, upon which it is sought to enforce the material-man's lien, such finding does not support a judgment against the owner of the house for the value of the material, and the condemnation of the house to its satisfaction.

2. *Same; same.*—In such a suit, where it is shown that lumber was furnished by plaintiff to a contractor who was at the same time building the defendant's house together with others, evidence of the plaintiff that he thought $210 worth of lumber, corresponding to that sold by him to the contractor, was used in defendant's house, does not justify a finding that $210 worth of the lumber supplied by defendant to said contractor was so used in said house, to the end of declaring a material-man's lien thereon.

APPEAL from the County Court of Cleburne.

Tried before the HON. J. R. BARKER, Special Judge.

This action was brought by the appellees, Simmons & Bagwell, against the appellant, August Johnson, and S. O. Hawkinson; and sought the enforcement of a material-man's lien upon the property of August Johnson, which is described in the complaint as a two-story frame building or dwelling house on lot No. 9, in block No. 5 in the city of Fruithurst.

It was alleged in the complaint that $210, the amount sought to be recovered, was the price of certain material furnished by plaintiffs to S. O. Hawkinson, the original contractor, to be used by him in the construction of said building for the defendant, August Johnson.

The defendant, S. O. Hawkinson, having become a non-

resident, was served by publication, but he made no defense to the action.

The defendant Johnson filed the plea of the general issue, and also filed several pleas denying the fact of indebtedness to the contractor, S. O. Hawkinson, at the time of the service of the notice of the claim of a lien by plaintiff, or since that time, and also denying that the material mentioned in the complaint was used in the construction of his building. Issue was joined upon these pleas.

The uncontroverted facts were that defendant, S. O. Hawkinson, was the original contractor; and as such built a two-story frame dwelling in the city of Fruithurst, Ala., for defendant Johnson. That the contract between the defendant for the erection of said building was made on the 20th day of March, 1896, and that the work was to be begun on or before the 25th day of March, 1896, and completed by the 15th day of May, 1896. Defendant, Johnson, agreed to pay defendant Hawkinson for building said house, the sum of $1,000, to be paid as follows: $400 when the roof was on, and $300 when the plastering was done, and the remaining $300 when the house was fully completed. That when the roof was on, defendant Johnson paid said Hawkinson $400, and when the plastering was done, he paid him $300, after which Hawkinson left Fruithurst, and never did complete the house. That he left Fruithurst about the 23d of June, 1896, and never returned, and that appellant had the house completed himself. That the kitchen room of the house was fixed so that appellant moved his family therein about the 19th of May, 1896, but it was not completed.

It was further shown that plaintiffs furnished said Hawkinson lumber while he was building said house, some of which was used in the house of Johnson, and that said Hawkinson was, at the same time, building one or two other houses in Fruithurst, and that there was a balance of $210 due plaintiff for material furnished said Hawkinson. That Johnson stated to A. J. Simmons, a member of plaintiff partnership, on the 3d day of July, 1896, that he would owe said Hawkinson $300 when he, Hawkinson, completed his house.

Plaintiffs took about 3,000 feet of lumber from appellant's place, which was left there by said Hawkinson.

A. J. Simmons testified as a witness for plaintiffs, on direct examination, that S. O. Hawkinson was due plaintiffs for lumber used by said Hawkinson in the said building, the sum of $210, and that the same was unpaid. On cross examination he testified that plaintiffs sold said Hawkinson lumber and material for other buildings during the same period, and that said Hawkinson made some payment on said material, and that he could not say what material had been paid for, but that none of the material for which this demand was claimed had been paid for. Said witness also testified that he did not know how much of the lumber he had specified was sold to said Hawkinson for the house of Johnson, and was used in said house.

There was some controversy in regard to the testimony as to the notice alleged to have been given Johnson, prior to the filing of the statement of lien in the probate office. There was also conflict in the testimony as to the description of the property on which the lien is claimed. The testimony of plaintiff described it as lot No. 9 in Block 5 in the town of Fruithurst, while all other evidence in behalf of both plaintiff and defendant, described it as Lot No. 5 in Block 8 in said city. There was also some evidence that part of the lumber in appellant's house was purchased from other parties than plaintiffs.

The cause was tried by the court without the intervention of a jury; and at the request of the defendant in writing, the court made a special finding of the facts in the case which was in words and figures as follows: "After considering all the evidence in the case the court finds that plaintiffs furnished lumber or material to defendant S. O.Hawkinson from the 16th of April to the 15th of May, 1896, inclusive, and that said lumber or material was used by S. O. Hawkinson in building a two-story framed house on lot No. 9, block No. 5 in the town of Fruithurst, Cleburne county, Alabama, same as described in

plaintiff's complaint, and that defendant A. John-
son was the owner or proprietor of said lot of———,
and is now the owner or proprietor of said lot and build-
ing; that defendant A. Johnson, contracted in writing
with defendant S. O. Hawkinson to furnish material
and build said house on said lot, that plaintiff gave no-
tice in writing as required by law to defendant A. John-
son that they claimed a lien on said building and lot,
for two hundred and ten dollars, the value of the amount
of lumber and material furnished by plaintiff. That
plaintiff filed in the office of the judge of probate a
statement in writing as the law requires that defendant,
A. Johnson, was due defendant S. O. Hawkinson two
hundred and fifty dollars at the time he received notice
of plaintiff's lien on said lot and building, and plaintiff
has a lien on said two story framed building and the
lot upon which same is situated, towit, Lot No. 9, Block
No. 5 in the town of Fruithurst, Cleburne county, Ala-
bama, for the value of lumber and material furnished by
plaintiffs and which was used in the building of said
house, towit: The sum of two hundred and thirty-nine
and 40-100 dollars including interest for which judg-
ment may be rendered."

Judgment was accordingly rendered in favor of the
plaintiffs against both of the defendants for $210, the
amount claimed, and declaring a material-man's lien on
the property described in the complaint, and condemning
the same to be sold for the satisfaction thereof. To the
finding of the facts and the judgment rendered thereon,
the defendant, Johnson, separately excepted. The de-
fendant Johnson appeals, and assigns as error, among
other rulings of the trial court, the special finding on
the facts, and the rendition of judgment in favor of the
plaintiff.

MERRILL & BRIDGES, for appellant.—It is not shown
by any part of the evidence in this case that the material
alleged to have been furnished to the contractor and
for the value of which the suit is brought, was furnished
to the contractor especially for use in building defend-
ant's (Johnson's) house. This prevents the recovery
against the defendant Johnson and the fastening of the

material-man's lien upon his property.—*Cook v. Rome Brick Co.,* 98 Ala. 409.

JAMES AIKEN, *contra,* cited *Turner v. Robinson,* 78 Ala. 318; *Cook v. Rome Brick Co.,* 98 Ala. 409.

McCLELLAN, C. J.—The special finding of the facts does not support the judgment against Johnson for two hundred and ten dollars and condemning the house and lot to its satisfaction, for that it is not therein found as a fact that the lumber supplied by plaintiffs to Hawkinson was supplied for the purpose of being used in the building of the said house upon which it is sought to enforce a material-man's lien, nor does the evidence establish such fact.—*Eufaula Water Co. v. Addyston Pipe & Steel Co.,* 89 Ala. 552, 555-6, and authorities there cited; *Cook v. Rome Brick Co.,* 98 Ala. 409, and cases there cited; Code, § 2723.

And the evidence does not support the finding of fact, that plaintiffs supplied lumber to the value of two hundred and ten dollars which was used in the building of this house. To the contrary, while there is evidence that some lumber supplied by plaintiffs to the contractor, Hawkinson, was used by the latter in the construction of this house, it is in no way made to appear, nor are any facts deposed to from which it could be inferred how much of such lumber was so used, nor the value of such lumber so used. Simmons himself, one of the plaintiffs, testifying in their behalf, after bringing himself to say in answer to a leading question on his original examination, "my best judgment is there was $210 worth of that lumber [i. e. lumber tallying with that supplied by his firm in general description] used in that house," seems to have been troubled in his conscience about even so guarded a statement, and upon being recalled to the stand made this unqualified statement: "I do not know how much of the lumber I have specified was sold to Hawkinson for this house and went into said house." The lumber he had "specified" and to which he here refers was that for the price of which he sought to fix a lien on this house

[Shell v. Beeland, Treasurer, &c.]

and the lot upon which it was built, the lumber con-
stituting the consideration for his claim of $210 upon
which the court below rendered judgment against John-
son, and ordered his house sold for its satisfaction.
Hawkinson was at the same time building this and two
other houses in the town of Fruithurst; and the fact
is that plaintiffs sold him this and some other lumber
on his personal credit and for such use as he chose to
put it to, and not for use in this house, or indeed, so
far as plaintiffs' contemplation in a legal sense went,
for use in the three houses. And no man knows or can
say what of the lumber in specie or in value went into
this house or into the others. Hawkinson failed in
business, failed to complete this house, and left the
State. And then it was that plaintiffs took steps to-
ward enforcing an alleged material-man's lien on this
house and lot. As we have seen they have failed in the
proof.

The judgment in their favor against Johnson
and the judgment condemning the house and lot must
be reversed, and a judgment will be here entered in
Johnson's favor. The judgment against Hawkinson
will be affirmed.

Affirmed in part, reversed and rendered in part.