# Cocciola *et al.* *v.* Wood-Dickerson Supply Co.

*Bill in Equity to have declared and enforced a Material-Man's Lien.*

1. *Material-man's lien; construction of statute; lien can be declared on several buildings situated on one lot.*—The provision of the act approved March 4, 1901, relating to liens of mechanics and material-men in the county of Jefferson that "when the improvements consists of two or more buildings united together and situated upon the same lot or contiguous lots, or on separate buildings upon contiguous lots, and erected under one general .contract, it shall not be necessary to file a separate lien on each building for the work done and materials * * * * furnished in the erection of such improvement," (Acts of 1900-1901, p. 2115), apply to cases where materials are furnished for the erection of separate houses on the same lot, under one general contract; and under said statute, the material-man who has furnished material to be used in several houses being erected on one lot under one general contract, can obtain the benefit of the law by claiming only one lien upon all the houses for the material so furnished.

APPEAL from the City Court of Birmingham, in Equity. Heard before the Hon. W. W. WILKERSON.

The bill in this case was filed by the appellee, the Wood-Dickerson Supply Company, against the appellants, Louis Cocciola and Jennie E. Cocciola. It was averred in the bill that the defendants were the owners of lot No. 5, in Block 11, in the city of Birmingham, and were engaged in erecting thereon two brick and three frame buildings under a contract with one C. E. Rast; that at various times, the dates being given, the complainant furnished said Rast at his request. under said contract, a large quantity of building material for the buildings being erected on said lot for the defend-

ants; that the material so furnished was so used by said Rast; that at the various times of furnishing said material the complainant sent a duplicate account thereof to the defendants, and neither of them at any time objected to the furnishing of said material or notified the complainant of such objection; that the complainant gave notice to the defendant that it claimed a lien for the materials so furnished said Rast and used by him in the buildings, and that proper statements had been filed in the office of the judge of probate of Jefferson county, looking towards the establishment of a material man's lien upon said buildings and lot, for the building material so furnished by the complainant to Rast, and which was used in said buildings.

The prayer of the bill was that upon the final hearing it should be decreed that the complainant was entitled to a lien upon the said houses for the payment of the several demands set forth in the bill of complaint; and that the same be sold under said lien for the payment of the amount so due.

The respondents demurred to the bill upon the ground that it is shown by the bill that there are five separate buildings on one lot mentioned in the bill, and that only one lien has been filed and no separate lien sought to be declared upon each of said buildings, and that no valid steps have been taken as required by law to vest a lien upon all of the buildings referred to in the bill.

On the submission of the cause upon the demurrer, the chancellor rendered a decree overruling it. From this decree the defendants appeal, and assign the rendition thereof as error.

A. LATADY, for appellants.—The statute clearly provides that the only cases in which a single lien is sufficient to cover separate buildings, and no provision is made for the sufficiency of a single lien for five separate buildings on a single lot. *Expressio unius exclusio,* etc.; and the statutory requirement clearly is that where there are separate buildings on one lot, there must be separate

liens, and all statutory requirements must be strictly followed.—*Long v. Pocahontas Coal Co.*, 117 Ala. 587. The language of the statute is clear and unambiguous, that the lien extends to the entire right, title and interest of the owner, and to the extent in area of the entire lot, if in a city, town or village, as in the case at bar. Under the rules for construing pleadings, we have five separate and distinct buildings on one lot, no one of which houses is appurtenant to another of them, and they are in no manner connected.—*Chambers v. Yarnall*, 15 Pa. 265; *Campbell v. Furness*, 1 Phila. 372; *Goepp v. Gartiser*, 35 Pa. 130; *Dallas Lumber & Mfg. Co. v. Wasco Woolen Mfg. Co.*, 3 Or. 527.

WHITE & HOWZE, *contra.*—Taking the history of this statute, the defect which existed and which it was intended to correct, and the rule that we must look rather to the intention than the letter of the law, we think there can be no doubt that the statute was intended to apply and does apply to materials furnished for the erection of separate houses on the same lot under one general contract.—*State v. Strawbridge*, 39 Ala. 395; *Sprowl v. Lawrence*, 33 Ala. 674; *Huffman v. State*, 29 Ala. 40; *Thompson v. State*, 20 Ala. 54; *Cook v. Rome*, 98 Ala. 410; *Johnson v. Simmons*, 123 Ala. 564; *Leftwich v. Florence*, 104 Ala. 585; *Lee v. King*, 99 Ala. 246; *Eufaula v. Addyston*, 89 Ala. 555; *May v. McConnell*, 102 Ala. 577; *U. S. v. Freeman*, 3 How. 565; *U. S. v. Rabbit*, 1 Black's U. S. Rep. 61; *Atkins v. Disintegrating Co.*, 18 Wall. 381; *Blakeney v. Blakeney*, 6 Port. 119; *Green v. Robertson*, 110 Ala. 504; *Garrison v. Hawkins*, 111 Ala. 308; *Wilcox v. Woodruff*, 24 Atl. Rep. 520.

DOWDELL, J.—The bill in this case is one by a material-man, and seeks to enforce a lien which is claimed on account of materials furnished in the erection of several buildings on the same lot under one general contract. The case was heard on demurrer to the bill, and the present appeal is taken from the decree of the chancellor overruling the demurrer.

The only question presented for our consideration, and that is here insisted on, is one that calls for an interpretation of the act of March 4th, 1901, (Acts, 1900-1901, p. 2115), relating to liens of mechanics and material-men in the county of Jefferson. The portion of the act calling for a construction reads as follows: "When the improvement consists of two or more buildings united together and situated upon the same lot or contiguous lots or upon separate buildings upon contiguous lots and erected under one general contract, it shall not be necessary to file a separate lien upon each building for the work done and materials, fixtures, engine, boiler or machinery furnished in the erection of such improvement." The question raised by the demurrer is, that as it is not alleged that the buildings were united together or were being erected upon contiguous lots, the statute does not apply, or in other words, that although the statute does apply to buildings on the same lot when connected together, and to *separate* buildings on *contiguous* lots, it does not apply to *separate* buildings on the *same* lot.

The act in question is amendatory of certain sections of the Code, making the same as amended applicable alone to the county of Jefferson. By section 12 of the act, it is made purely a local statute.

Statutes which are in derogation of the common law, or which confer extraordinary rights and remedies, as a general rule, are to be construed with reasonable strictness. It has been a number of times held by this court in cases of statutory liens, that the requirements necessary to create the lien must be substantially complied with. In respect to these matters, these statutes have always been subjected to a reasonably strict construction. See *Duncan v. Ashcraft, Admr.*, 121 Ala. 552, where authorities are cited and commented on. But the facts of the present case are different from those, where the question was as to a compliance by the party with the requirements of the statute in order to obtain a lien. Nothing of the kind arises here, and a different rule of interpretation is to be applied.

One of the cardinal rules in the interpretation of all

statutes, is to arrive at the intention of the legislature in the enactment of the law, and to this end the courts will look to the object of the enactment and the mischief or defect against which it is intended to provide. *Thompson v. State*, 20 Ala. 54; *Huffman v. State*, 29 Ala. 40, 43.

Prior to this statute, in order to acquire a lien, the particular goods must have been furnished for the erection of the particular building on which the lien is sought. *Cook v. Rome Brick Co.*, 98 Ala. 410; *Johnson v. Simmons*, 123 Ala. 564. And to secure the benefits of the lien, it was necessary to allege and prove that each piece of material so furnished was actually used upon the particular building so designated.—*Leftwich v. Florence*, 104 Ala. 585; *Lee v. King*, 99 Ala. 246; *Eufaula v. Addyston*, 89 Ala. 555; *May v. McConnell*, 102 Ala. 577.

The difficulty of complying with these rules in cases of one general contract between parties for the erection of a number of buildings, and the injustice likely to follow, was doubtless brought to the attention of the legislature, and when we take into consideration the law as it then stood, and the language of the statute in question, we doubt not that the enactment was intended to cure these defects. In *Thompson v. State, supra*, it was said: "The inartificial manner in which many of our statutes are framed, the inaptness of expression frequently used, the want of perspicuity and precision not unfrequently met with, often require the court to look less at the letter or words of the statute, than at the context, the subject matter, the consequences and effects, and the reason and the spirit of the law, in endeavoring to arrive at the will of the law giver."

In arriving at the intention of the law giver in a construction of the statute before us, to say that the intention was to give a lien under one general contract, on "separate buildings upon contiguous lots," and not on "separate buildings on the same lot," would be, we think, an absurd conclusion. The difficulties and defects under the old law intended to be obviated by the statute, are

[Oates v. Bullock.]

more likely to arise in cases where the separate buildings are on the same lot, than where they are on separate and different lots. Taking the history of the statute, the defects which existed; and which it was intended to remedy, and the rule of construction, that we must look rather to the intention, than the letter of the law, our conclusion is that the statute was intended to apply and does apply to materials furnished for the erection of separate houses on the same lot under one general contract. "The meaning of the legislature may be extended beyond the precise words used in the law for the reason or motive upon which the legislature proceeded from the end in view or the purpose which was designed."—*U. S. v. Freeman*, 3 Howard, 565. "A thing within the intention of the makers of the statute is as much within the statute as if it were within the letter."—*U. S. v. Rabbit*, 1 Black, (U. S.) 61. "The intention of the lawmaker constitutes the law. A thing may be within the letter of the statute and not within its meaning, and within its meaning though not within its letter."—*Atkins v. Disintegrating Co.*, 18 Wall. 381.

The chancellor committed no error in overruling the demurrer, and his decree will be here affirmed.