[Crawford v. Sterling.]

# Crawford *v.* Sterling.

*Bill to Enforce Mechanics Lien.*

(Decided April 9, 1908.  46 South. 849.)
(Rehearing denied June 18, 1908.)

*Mechanic's Lien; Operation; Extent of Property Affected; Seprate Liens.*—Where a notice and statement of a material man's lien embraces without separation a lien on two separate lots, such notice and statement is not a proper compliance with section 2723, Code 1896, and cannot be enforced.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by D. Crawford against A. E. Sterling and others to enforce a mechanic's or material-man's lien. From a decree for respondent, complainants appeal. Affirmed.

LOWE & TIDWELL, for appellant. The complainant had a right to enforce his lien upon the two lots, although his notice and statement was single and embraced both lots in one.—*Phillips v. Gilbert,* 101 U. S. 721; *Lyon v. Logan,* 68 Tex. 525; *Surgeon v. Denvy,* 87 Va. 208; *Premier Steel Co. v. McElwain,* 144 Ind. 119; *Maryland Brick Co. v. Spellman,* 76 Md. 342; Ore. 50; 3 S. Dak. 121; 1 Kan. App. 148; 21 Nev. 346.

CALLAHAN & HARRIS, for appellee. The notice and statement are uncertain.—*Southern Ry. Co. v. Bunt,* 32 South. 507. The notice and statement were single and cannot operate to create a lien on two distinct and separate lots.—*Cocciolo v. Wood-Dickerson Supry. Co.,* 33 South. 856; *Johnson v. Simmons,* 123 Ala. 554; *Cook v. Rome Brick Co.,* 98 Ala. 410. The statement, therefore, fixed no lien on either of the lots.—*Leftwich Lbr. Co. v. Florence, etc. Savings Assn.,* 104 Ala. 595.

McCLELLAN, J.—The decree must be affirmed, for the reason that the notice (Civ. Code 1896, § 2731), and the statement filed in the probate office (Civ. Code 1896, § 2727), both exhibited with the bill, which seeks the enforcement of a materialman's lien, attempt to embrace, in each without separation, a lien on two separate lots in New Decatur. Phillips on Mech. Liens, § 376; *Cocciola v. Wood-Dickerson Co.,* 136 Ala. 532, 33 South. 856; *Fitzgerald v. Thomas,* 61 Mo. 499. The theory of our system (Civ. Code, 1896, c. 71, art. 1) is that the subject of the betterment afforded by the labor, material, or machinery furnished shall be charged with the payment therefor to the extent in interest and area defined by section 2723. In other words, for a demand for labor, materials, or machinery applied to the improvement of real estate, there are as many separate liens as there are separate lots of the area described in the statute, unless, perhaps, a building as a unit rests upon two or more lots. The lien is a creation of law, and not of contract; and, whatever the contract under which the improvements are made, the law, and not the contract, determines the character, extent, and number of liens possible of enforcement.

It follows that each lien must be perfected by a separate compliance with the statutory requirments; so that in no event will improvements on separate lots, justifying a separate lien for each, be confused. The notice and statement do not conform to the statutes, and, under their letter, any possible lien was lost.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.