(78 South. 893)

KING et al. v. WOODLAWN LUMBER CO.
(6 Div. 408.)

(Supreme Court of Alabama. April 11, 1918.)

1. EQUITY ☞293—PLEADING—AMENDMENT.

In a mechanic's lien suit, where the bill, having the usual footnote, was amended through a single paragraph to ask that another person be brought in as party defendant by adding her name as party respondent, no additional footnote to the amended bill was necessary.

2. MECHANICS' LIENS ☞271(4)—PLEADINGS—PRIORITIES.

In a suit to effect a mechanic's lien upon both the land and the property, the bill is insufficient where it leaves in doubt whether a mortgage of a defendant upon the land was ex-

ecuted subsequently to the commencement of the work, in view of Code 1907, § 4755, giving such a lien as to the land priority over other liens created subsequently to the commencement of the work.

3. MECHANICS' LIENS ⬳129—DIVISIBILITY OF REMEDY.

The ordinary rules of law that pertain to the unity of contract and to the indivisibility of the remedy to enforce a single contract have no application to mechanics' liens.

4. MECHANICS' LIENS ⬳158 — ANOTHER CLAIM PENDING.

In view of the right of amendment of mechanics' liens given by Code 1907, § 4758, filing of one statement of claim does not affect the right to file, within the statutory period, another or other statements of the same claim without proceeding to sue upon the first.

Appeal from Chancery Court, Jefferson County; A. H. Benners, Chancellor.

Bill by the Woodlawn Lumber Company against S. P. King and others to enforce a materialman's lien. Decree for complainant, and respondents appeal. Reversed and remanded.

The following are the pleas referred to in the opinion:

D. And said respondent King, by way of further plea to the above suit and cause of action, says that at the time of the suing out of said bill of complaint herein, and of the commencement of this action against said respondents herein for the purpose of enforcing a claim of lien filed in the probate court of Jefferson County on February 12, 1914, there was pending and filed against said defendant a former claim of lien by the same complainant for the same cause of action; that is to say, at said time there was filed and pending in the office of the judge of probate of Jefferson county, Ala., a verified statement of claim of lien as required by law for the purpose of enforcing a claim of lien filed therein December 23, 1913, as by the record thereof remaining in said court appears and remains, which said claim of lien is between the same parties and for the same cause of action, and was pending and undetermined when this said suit and action was brought.

E. Said respondent, by way of further proof to the above suit, says that within the time required by law, and on December 23, 1913, said complainant did make and file its claim of lien in the office of the judge of probate of Jefferson county, Ala., the county in which said property is located, a verified statement of claim of lien as required by law; said statement contained a true and correct account of the demands secured by lien after all just credits had been given, a description of the property on which said lien was claimed, the name of the owner or proprietor thereof, and was verified by the oath of E. W. McKinley, an officer of complainant, and a person having knowledge of the facts; and that no suit has been brought for the enforcement thereof. Respondent further shows that on February 12, 1914, said complainant did make and file its second and other claim of lien in said probate office for the same cause of lien or action and between the same parties, as by the record therein remains and appears, and that this bill of complaint is brought and filed for the purpose of enforcing said last-named claim of lien at the time, and while the said first-named claim of lien was pending and undetermined, and that the same should and ought not to be maintained.

James L. Cole, of Montevillo, and Sterling A. Wood, of Birmingham, for appellants. J. S. Kennedy, of Birmingham, for appellee.

McCLELLAN, J. This bill was filed by the Woodlawn Lumber Company, and seeks to enforce a lien for materials furnished for and used in the construction of a house on certain land in Birmingham, and its further purpose is to have the lien's priority over other claimed liens ascertained and declared. The complainant's asserted lien is sought to be made effective and accorded priority against the improvement and the land, not against a contractor to subject an unpaid balance, as was the case in Wade v. Wyker, 171 Ala. 466, 55 South. 141. W. J. Wilson is alleged to be the owner, under a contract with whom the materials were furnished. The original bill was amended many, many times, and the decree from which this appeal is prosecuted by two only of the many respondents, viz. King and Sorsby, expresses the court's judgment that the demurrers to the amended bill were without merit and that the pleas of these appellants were insufficient in point of law.

[1] The appellant Mrs. Sorsby was brought in as a party defendant by an amendment filed March 22, 1916; the original bill having been filed February 12, 1914. The amendment added paragraph 9 to the then several times amended bill. The pleader's theory, expressed in the averments of paragraph 9, was that King, from whom Wilson is alleged to have derived his title to the land on which the house was constructed, undertook to convey the land to Mrs. Sorsby after Wilson had received his conveyance from King and was holding the same adversely, concluding that for that reason the conveyance to Mrs. Sorsby was void as to Wilson and the complainant. The only allusion to the pleader's desire to bring Mrs. Sorsby in as a party defendant is that the bill should be amended "by adding the name of Mrs. Sorsby as a party respondent thereto." The prayer was not amended; no process to or relief against Mrs. Sorsby is sought in the prayer. There was the usual footnote to the original bill, but no additional footnote was attached to the bill as constituted after the amendment of March 22, 1916. Mrs. Sorsby fully answered the amended bill and incorporated therein her demurrers, two grounds of which objected that there was no footnote to the bill as last amended. Since the amendment was effected through a single paragraph, numbered 9, another or amended footnote was unnecessary. Ala. Warehouse Co. v. Jones, 62 Ala. 550, 554; Ladd v. Smith, 107 Ala. 506, 515, 18 South. 195. The grounds of the demurrer taking this particular objection to the amended bill were without merit.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] The sixth paragraph of the amended bill reads:

"(6) That the respondent S. P. King holds a mortgage on the said property, which mortgage was executed by respondent W. J. Wilson; complainant avers that one of the said mortgages were executed on to wit, October 22, 1913, and another mortgage dated December 15, 1913, subsequently to the commencement of the work on said building, or that said property, by reason of such material so furnished and used, was enhanced in value to the said amount of material so furnished by complainant to the said W. J. Wilson."

According to the provision of Code, § 4755, a materialman's lien is given as to the land "priority over all other liens, mortgages, or incumbrances created subsequently to the commencement of the work on the building or improvement, and as to the building or improvement" such lien has "priority over all other liens, mortgages, or incumbrances, whether existing at the time of the commencement of such work or subsequently created." While there are some words employed in the prayer to the amended bill that might be regarded as indicating the pleader's purpose to invoke the court's powers, under Code, § 4755, to subject the improvements only (not the land) to the complainant's asserted lien, yet a view of the averments of the entire amended bill seems to admit of no doubt that the purpose is to have the lien effected upon the land and the improvements, not upon the improvements alone. The averments of the sixth paragraph leave it entirely uncertain whether the mortgage executed on October 22, 1913, was executed subsequently to the commencement of the work on the building; and hence the first ground of the demurrer of the appellant (defendant) King was due to be sustained, and the court was in error in overruling that ground of the demurrer. The amended bill's theory is that Wilson was the owner of the property when the materials were furnished and used in the construction of the building referred to in the amended bill. In order to prevail, it would, of course, be incumbent upon the complainant to establish this fact, since under the allegations of the bill no attempt was made to create and preserve a lien against Mrs. Sorsby. As at present constructed the bill seeks no specific relief through the cancellation of the conveyance to Mrs. Sorsby, if, indeed, it invites any relief at all against her. According to the averments of the amended bill, it is entirely clear that Mrs. Sorsby was at least a proper party to the cause. Code, § 4766.

[3] In Wadsworth v. Hodge, 88 Ala. 500, 7 South. 194, it was said that liens of the character here in question were "created rather by the law than by the contract of the parties." In Crawford v. Sterling, 155 Ala. 512, 46 South. 849, it was held:

"In other words, for a demand for labor, materials, or machinery applied to the improvement of real estate, there are as many separate liens as there are separate lots of the area described in the statute, unless, perhaps, a building as a unit rests upon two or more lots. The lien is a creation of law, and not of contract; and, whatever the contract under which the improvements are made, the law, and not the contract, determines the character, extent, and number of liens possible of enforcement."

It results, necessarily, from this fact that the ordinary rules of law that pertain to the unity of contract and to the indivisibility of the remedy to enforce a single contract have no application to liens like that here sought to be enforced, where the law's policy declares it to be inequitable that one should enjoy the benefit of another's materials, or the product of another's labor and skill, without making compensation therefor, and in effectuation of this policy permits the imposition of a lien upon the particular subject-matter or substance of the improvement as defined in the laws. Terry's Local Laws of Jefferson County, pp. 581, 591; Cocciola v. Wood Supply Co., 136 Ala. 532, 33 South. 856. There was no error in the court's action in holding plea A insufficient, which undertook to construct a defense on the theory that the complainant's remedy was indivisible under the "entire contract." Like considerations justified the court below in holding that pleas B and C were insufficient.

[4] The report of the appeal will reproduce pleas D and E. It does not appear from the averments of these pleas that the time within which a sufficient effective verified statement of the complainant's lien might have been filed in the office of the judge of probate had expired before February 12, 1914, the date on which the pleas alleged the "second" statement was filed by the complainant. The concluding phrase of Code, § 4758, imports the recognition of the right of perfecting amendment in the two particulars specified therein of the verified statement of lien authorized and required to be filed by Code, § 4758. This liberal policy of the statutes is founded in wisdom and conservatism, and it is the duty of the courts to accord it an effect consonant with the commendable purpose entertained by the lawmakers. Within the period during which statement of claim of lien may be filed the claimant of the lien may file an amended claim or renew a defective or insufficient statement of claim of lien. Phillips on Mechanics' Liens (3d Ed.) § 335; Rockel on Mechanics' Liens, § 123, notes 10 and 11; 27 Cyc. pp. 131, 132. According to the terms of section 10 of the Jefferson county mechanics' lien act (Terry's Local Laws of Jefferson County, pp. 581–589), suit for the enforcement of the lien must be commenced within 90 days "after the filing of the verified statements." A statement of claim that was defective merely would seem to afford the beginning of the period within which, under section 10 of the local act, suit might be commenced in order to avert the

loss of the lien. Since there can be but one recovery under or enforcement of one lien, and since suit thereon must be commenced within the period prescribed, no prejudice could result to the lienee from the presence of a defectively constructed statement of lien in the office of the judge of probate.

As has been stated, the enforcement of a lien against or upon the property of Mrs. Sorsby is not prayed in the bill; hence no error was committed by the court in overruling Mrs. Sorsby's pleas of the statute of limitations.

The decree is reversed, and the cause is remanded.

Reversed and remanded

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.