187 So. 714

**LARY v. JONES.**

**8 Div. 905.**

Supreme Court of Alabama.

March 16, 1939.

Rehearing Denied April 13, 1939.

David A. Grayson, of Huntsville, for appellant.

Jeff D. Smith and Cooper & Cooper, all of Huntsville, for appellee.

BOULDIN, Justice.

Upon the erection of new buildings on lands, the materialman's lien as to such buildings is superior to the lien of a mortgage upon the lands given prior to the beginning of construction work on such buildings.

Such materialman's lien may be enforced by a sale of the buildings through judicial proceedings and removed from the lands. Code 1923, § 8833.

In a suit at law or by bill in equity to declare and enforce such materialman's lien, the prior mortgagee may be made a party; but he need not be, and, if not, he is not bound by the judgment or decree. Code, § 8844.

In that event, the materialman may maintain a further suit in equity against the mortgagee to adjudicate their respective equities and priorities and enforce the superior lien of the materialman by sale and removal of the buildings, if need be.

This latter bill need not be brought within the six months period fixed by statute, Code 1923, § 8855, for proceedings to adjudicate and enforce the lien as against the owner.

A different rule obtains when the claim of the materialman is for repairs upon existing buildings or additions thereto inseparable without impairing the security already held by the mortgagee. The mortgagee having a prior lien on such buildings, the materialman's lien, as against such mortgagee, can extend only to the increased value to the property by reason of the repairs, or betterments. The existence of such lien as against the mortgagee depends on whether the value of the property is enhanced. The fact of such lien, and the amount secured thereby can be worked out only in equity. Hence, the six months statute of limitations has been held applicable to such bill. These principles are now firmly settled in our jurisprudence and no further discussion need be indulged. Vesuvius Lumber Co. et al. v. Alabama Fidelity Mortgage & Bond Co. 203 Ala. 93, 82 So. 107; Pilcher v. E. R. Porter Co. et al., 208 Ala. 202, 94 So. 72; Jackson v. Farley, 212 Ala. 594, 103 So. 882; Becker Roofing Co. v. Wysinger, 220 Ala. 276, 279, 124 So. 858; Jefferson County Savings Bank v. Ben F. Barbour P. & E. Co. 191 Ala. 238, 68 So. 43; Birmingham Building & Loan Association v. May & Thomas Hardware Co. 99 Ala. 276, 13 So. 612.

The instant bill was filed by the materialman against a prior mortgagee of the lands to determine and enforce the equities and priorities between them upon certain buildings erected upon a lot in the city of Huntsville.

It gives a description of the lot on which the buildings were erected, the furnishing to the owner-mortgagor of material used in the erection of such buildings, the filing of the statutory statement in the office of the Judge of Probate claiming such lien, the filing of a bill in equity against the owner-mortgagor to enforce such lien within six months after maturity of the demand and a final decree, set out in the record, finding the defendant indebted for materials furnished for the buildings on the lot described in the bill, and decreeing a materialman's lien on the lands and improvements and ordering a sale of both lands and buildings on demand of the complainant for the collection of the amount decreed. This decree was rendered September 15, 1931.

The prior mortgagee, respondent in the present bill, was not made a party to the bill to declare and enforce the lien. Thereafter, in May, 1932, the mortgagee foreclosed her mortgage, became the purchaser of the property at foreclosure sale, and has since held possession of same. The present bill was filed September, 1937.

This appeal is from a decree overruling demurrers to the bill.

The assignment of error mainly insisted upon is the bar of the statute of limitations of six months. What we have written disposes of this question.

■ The present bill and exhibits disclose the former proceeding was by bill in equity, a court of general jurisdiction. It is sufficient to disclose jurisdiction of the subject matter and the parties and the rendition of a final decree adjudicating and enforcing the lien as between the parties then before the court. It was not essential that the bill in former proceedings should be set out in full.

■ Nothing in the bill discloses any matter of estoppel, nor. such delay in the filing of this bill as to impute laches. Pilcher v. E. R. Porter Co. et al. supra; Fowler v. Alabama Iron & Steel Co. 164 Ala. 414, 51 So. 393.

■ We may observe that the remedies of the mortgagee and the materialman were and are mutual in cases of this sort.

The mortgagee was free at any time to pay off and discharge this lien, or to file a bill to adjudicate all matters which could have been litigated, as between them, if made a party in the original cause.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.