7 So.2d 85

**POLAKOW et al. v. WELDON.**

7 Div. 684.

Supreme Court of Alabama.
March 26, 1942.

L. H. Ellis, of Columbiana, and G. Ernest Jones, of Birmingham, for appellee.

D. G. Ewing, of Birmingham, for appellants.

BROWN, Justice.

This is a bill by a material man seeking to enforce the statutory lien conferred by § 37, Title 33, Code of 1940, against appellants and others, and the property described in the bill, and to declare said lien superior to a mortgage held by Steiner Brothers, a corporation, executed by Polakow and wife on eight of the lots involved, on May 1, 1941, and recorded in the office of the Judge of Probate of Talladega County, in which the property is situated, and to determine and fix the priority of other liens, claims and rights held by sundry parties against said property.

The appellants challenge the equity of the bill and the sufficiency of its allegations by demurrer on numerous grounds. The demurrers were overruled, hence this appeal. The allegations of the bill pertinent. to the questions presented by the appeal are:

"12. That complainant furnished to the respondent, Louis M. Polakow and Polakow Company, Inc., a corporation, lumber to be used in, and which was used in and about the *building* or erection of a building on the following described property situated in the Town of Childersburg, Alabama, viz.;

"Lots 1 to 10 inclusive, in Block 'A' of Louis M. Polakow's Addition to the Town of Childersburg, Alabama, according to the map of said Addition recorded in the Probate Office of Talladega, County, Alabama, in Book of Plats No. 2 at page 17."

"The *buildings* so erected on said lots. consist of *two or more buildings* united together, situated on the same lot or contiguous or adjacent lots, or *separate build-ings* upon contiguous or adjacent lots.

"13. That said Louis M. Polakow, and Polakow Co., Inc., a corporation, were the owners of said property on which said structure or building was erected, and for which such materials were furnished, as aforesaid, and that there is *no* justly *dur* for said lumber so furnished and *uses* as aforesaid, the sum of $1076.29, with interest thereon from, to-wit: the 7th day of May, 1941.

"*If mistaken in the averment that Louis M. Polakow and Polakow Company, Inc., a corporation, were the owners of said property when such lumber was furnished, then complainant avers that since said material was furnished to the said Louis M. Polakow, said property described in paragraph (12) of this bill of Complaint, has been deeded to said Polakow Co., Inc., a corporation.*" (Italics supplied.)

The bill also avers that complainant on the 2nd of September, 1941, filed in the office of the Judge of Probate of Talladega County a statement in writing, verified by oath of the complainant, setting forth the amount of the demand, a description of the property, and the name of the owner thereof, which is made exhibit to the bill. The amount claimed is $1,076.29, "with interest from May 7, 1941." In said statement of claim Louis M. Polakow, Polakow Company, Inc., Childersburg Trading Post, Inc., and Phillip A. Strumpf are named as the owners of the property.

Other than the date—May 7, 1941—stated in the declaration of claim, there is nothing in the averments in the bill, as to when and in what quantities or for what specified lot or building the material was furnished, or when the work on the improvement actually commenced. The bill alleges that some of the lots were sold to different persons who are claiming as alienees.

The demurrers take the point that the allegations of ownership are uncertain, conflicting and indefinite; that as to wheth--

er the material was furnished for one or more buildings and as to whether there was more than one building erected out of said material, and on which of the lots, is not alleged with certainty to a common intent. The demurrer also takes the point that in the absence of allegations as to when the work on the improvement commenced, the priority of the liens and claims can not be determined.

These several grounds of demurrer were well taken and the court erred in overruling the demurrer. Crawford v. Sterling, 155 Ala. 511, 46 So. 849; Tallapoosa Lumber Co. v. Copeland, 223 Ala. 41, 134 So. 658, 75 A.L.R. 1325; Cocciola et al. v. Wood-Dickerson Supply Co., 136 Ala. 532, 33 So. 856.

In Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90, 91, cited by appellee, the bill alleged that the complainant "entered into a contract with F. D. Rimer and P. H. Vickrey, who at that time were partners doing business as Rimer & Vickrey, for the sale and delivery to them of a lot of building material for the erection and construction of ten dwelling houses on lots 13 to 22, inclusive, all in block 4 in the survey of College Hill, as recorded in Map Book 15, page 2, in the office of the probate judge of Jefferson county, Alabama; that complainant began to furnish said building material to the said Rimer & Vickrey on said date, and continued to furnish same under said contract until, to wit, the 19th day of October, 1921, when the work on said dwellings was completed; that complainant's account for building material so furnished matured and came due on, to wit, the 19th day of November, 1925; that the said Rimer & Vickrey used said building material so furnished them in the erection and construction of said ten dwelling houses, erecting one house on each of said lots 13 to 22, inclusive." The point in that case, made by demurrer, was that the bill did not allege the owner of the lots, though the name of the owners was stated in the claim of lien which was made exhibit to the bill, and the ruling was that taking the averments of the bill with the facts stated in the exhibit, the point was without merit.

The statute, Code of 1940, Title 33, § 38, dealing with "Priority of lien," provides: "Such lien as to the land and buildings or improvements thereon, shall have priority over all other liens, mortgages or incumbrances *created subsequent to the commencement of work on the building or improvement;* and as to liens, mortgages or incumbrances created prior to the commencement of the work, the lien for such work shall have priority only against the building or improvement, the product of such work which is an entirety, separable from the land, building or improvement subject to the prior lien, mortgage or incumbrance, and which can be removed therefrom without impairing the value or security of any prior lien, mortgage or incumbrance." [Italics supplied.]

Mortgagees holding prior mortgage liens are proper but not necessary parties. Lary v. Jones, 237 Ala. 575, 187 So. 714.

In the absence of allegation of the bill showing that the husband was seized in fee, of the lands in controversy; or that another was seized in fee to his use, or that the husband had a perfect equity therein, Code of 1940, Title 34, § 40, the wife was neither a necessary or proper party to the bill.

Reversed and remanded.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.