7 So.2d 492

### RICHARDS v. WILLIAM BEACH HARDWARE CO.

4 Div. 230.

Supreme Court of Alabama.

April 9, 1942.

Roy L. Smith, of Phenix City, for appellant.

J. B. Hicks, of Phenix City, for appellee.

THOMAS, Justice.

■ The rule in this jurisdiction is stated in Wilson et al. v. Horton, 212 Ala. 87, 89, 101 So. 740, 741, as follows:

" * * * Where the record or the certificate of the clerk shows evidence omitted bearing upon the issue of fact we are called upon to review, or the nature of the omitted evidence does not appear, this court cannot review the findings of fact in the court below. * * *

"If, however, it affirmatively appears the omitted evidence related solely to issues not presented on appeal, and this court has all the evidence bearing on the questions we are called upon to review, the above rule does not apply. Parties are invited by agreement to abridge * * *."

■ Some of the material evidence on the controverted issue is not contained in the record before us in this case, but was before the trial court. The presumption on appeal is that there was evidence sufficient to justify the conclusion embodied in the decree from which the appeal is taken. Taylor v. Hoffman, 231 Ala. 39, 163 So. 339; Wood v. Wood, 119 Ala. 183, 24 So. 841; Haygood v. Manley, ante, p. 435, 6 So.2d 887; Chandler v. Owens, 235 Ala. 356, 179 So. 256.

The omission of material evidence is thus stated by counsel:

"The Respondent, Otis Richards filed his own answer, and was not represented by Counsel, in the Court below, the cause was submitted to the Judge on the pleadings, and proof as noted by the Register, * * *.

"There was certain Testimony taken by a stenographer, Myrtle White, of certain witnesses; the testimony was filed, and the Judge had all of the testimony before him, and finally he entered a Final Decree finding the Equities with the Complainant, in the Court below.

"The Respondent, in the Court below decided to take an appeal, and then for the first time hired counsel to represent him when counsel went into the file *all of the testimony taken by Miss White was absent.* The Judge was certain that he brought the testimony to the Register with the other file, and the Register is equally certain that he did not have it. [Italics supplied.]

"Counsel then filed the motion shown * * * and the same was submitted to the Judge and he overruled the motion.

"Then the Clerk proceeds to make up a transcript and send the same to this Court and from that is eliminated all of the testimony which is lost."

The note of submission shows that this evidence was lost without the fault of either party. Will this motion serve as a bill of review or a bill in the nature of such bill? Code 1940, T. 7, Rule 66, p. 1099; Sim's Chancery Practice, §§ 629–640.

In Rochelle v. Rochelle, 237 Ala. 530, 187 So. 451, 452, the definition and purpose of such pleading is well stated as follows: "Strictly speaking, the object and scope of a bill of review 'for error of law apparent,' is not to reopen the proceedings and decrees sought to be reviewed so as to allow the reformation of the issues involved and settled by the decree or the introduction and trial of new issues, by supplementing or amending the pleadings. The scope of the inquiry is limited to the issues formed and, where there is no question of newly discovered evidence, to the facts as gathered from the record proper—not including the testimony—and if on such examination it is made to appear that the court in the proceedings under review has misapplied the law to the facts, and the decree should have been rendered to a contrary effect, this constitutes 'error of law apparent' and will sustain a bill of review. * * *."

The motion in question does not show any newly discovered evidence within the rule, but indicates the loss of the evidence without knowledge, consent or connivance of either counsel, the Judge or the clerk, and that no fraud is charged as to either of said parties. Hence the motion will not serve the purpose of such a bill of review. The motion should have been granted, but the action of the trial court in denying the same is not reviewable on appeal.

We must look to the record under the issues formed, the evidence before the court and the original papers certified to this court by the trial judge to ascertain whether or not a lien exists on the several lots indicated which are on different streets in the town of Phenix City.

The delivery tickets exhibited show by endorsements thereon that the material, used by the contractor in making the several repair jobs, was delivered at No. 701 on 13th Street in Phenix City, which was neither of the lots on which improvements were made. While a map of the city is not included in the record, it is apparent that some of these lots are not contiguous or adjacent to each other, being on different streets.

The lien alleged to have been filed in the probate office is as follows:

"State of Alabama,
"Russell County.

"William Beach Hardware Company, a Corporation files this statement in writing verified by the oath of Bass H. Lewis, Treas., who has personal knowledge of the facts herein set forth:

"That the said William Beach Hardware Co. A Corp. claims a lien upon the following property situated in the City of Phenix City and in the County of Russell, State of Alabama, to-wit:

"The House and the lot on which it is situated known as House No. 705 13th Street, Phenix City, Alabama.

"The House and the land on which it is situated known as House No. 1008 14th Street in the City of Phenix City, Alabama.

"The House and the land on which it is situated known as House No. 1017 14th Street in the City of Phenix City, Alabama.

"All of the above numbers being according to the method of Numbering houses in the City of Phenix City.

"That this lien is claimed separately and severally as to both the land and the improvements, thereon and the said land.

"That said lien is claimed to secure an indebtedness of the sum of $257.32 with interest thereon from the August 15th, 1939 for material used and furnished to repair the houses as above described.

"*That the owner of said property is Otis Richards, Phenix City, Alabama.*

"William Beach Hardware Co. Inc.

"(signed)   By Bass H. Lewis, Treas.

"Before me, Mae McCook, a Notary Public in and for said state and county personally appeared Bass H. Lewis, who being first duly sworn according to law deposes and says: That he has personal knowledge of the facts set forth in the foregoing statement of lien, and that the same are true and correct to the best of his knowledge and belief.

"(signed)     Bass H. Lewis
                        Affiant.

"Sworn to and subscribed to before me this the 21st day of October, 1939.
(NOTARIAL SEAL)
"(Signed)     Mae McCook

"ENDORSEMENT: Filed in office, October 23, 1939.
"(Signed)     W. L. Hobbs,
                        Register."

The date of its filing in the probate office is not indicated. The same was verified of date of October 21, 1939, and the exhibits supporting the pleading are of

date of August, 1939. The delivery slips are of date of August 26, 1939, made to 701 13th Street, Phenix City. It is alleged in such slip that the same was bought by Mr. Clay of Home Improvement Company. A comparison of these delivery slips and Exhibit "A" will show the same articles, purchase price thereof and that the name and address of such purchase and delivery was to Home Improvement Company, 701 13th Street, Phenix City, Alabama.

There are no demurrers challenging the sufficiency of the bill supported by the exhibits. Grimsley v. First Ave. Coal & Lmbr. Co., 217 Ala. 159, 115 So. 90.

The respondent Otis Richards was not represented by counsel, and the answer he filed is as follows:

"To the Honorable Judge J. S. Williams of the Circuit Court of Russell County, Alabama.

"I hereby offer this answer in denial of a suit on an account claimed against me, O. D. Richards by the William Beach Hardware Company of Columbus, Ga.

"That I had no part in or knowledge of the same of this material, Channel drain galvanized V-crimp steel, at the time it was sold to Mr. H. B. Clay, of the Home Improvement Co. of Phenix City, Alabama.

"That I did not authorize William Beach Hardware Company, or any member of that firm to sell any material to Mr. H. B. Clay of the Home Improvement Co., and that I did not at any time become responsible to William Beach Hardware Company for this account, or was I at the time of the sale or at any time, notified that I was being held responsible for this account by William Beach Hardware Co. or any member of that firm.

"That I deny any claim by William Beach Hardware Company that I have at any time given Mr. H. B. Clay an order to William Beach Hardware Co. or any member of that firm, for material, and I offer as evidence the dray tickets to show that this material was sold to the Home Improvement Co. (bought by H. B. Clay as agent for the Home Improvement Co. of Phenix City, Ala., doing a general roofing contracting business.)

"That I did contract with Mr. H. B. Clay of the Home Improvement Co. to Cover three houses, and Mr. Clay agreed to furnish the material for the job and that Mr. Clay sold my notes to the Commercial Credit Co. of Atlanta, Ga. and I was notified later by the Commercial Credit Co. of Atlanta, Ga. that the check was paid to Mr. H. B. Clay for the Home Improvement Co. making me indebted and responsible to the Commercial Credit Co. of Atlanta, Ga. for thirty-six notes of $9.91 each per month, and I offer my receipts to show that I am paying these notes to the Commercial Credit Co. as they are due.

"Since these facts have been established, I ask your Honor to dismiss all claims made in this account by the William Beach Hardware Co. of Columbus, Ga., against Me, O. D. Richards, and charge the same to Mr. H. B. Clay and the Home Improvement Co.

"I thank you very kindly for your careful consideration.

"Respectfully,
"(signed) Otis D. Richards.
"ENDORSEMENT: Filed in office, this 21st day of November, 1939,
"(signed) W. L. Hobbs, Register."

In that answer it is averred that he was not responsible to the hardware company for the account or that he had any notice of the alleged responsibility to that company or any member of the firm. He denied that he gave H. B. Clay an order to the said William Beach Hardware Company and as support of such denial exhibited tickets to show that the material was sold to the Home Improvement Company and bought by Mr. Clay as agent for that company. He further admits that he had a contract with Mr. Clay of the Home Improvement Company for the improvement of three houses, and states that Mr. Clay agreed to furnish the material to be used in making the improvements.

The terms of the statute alleged to have been complied with are as embraced in the Code of 1940, Tit. 33, § 37 et seq.

■■ It is established in this jurisdiction that the lien is a creation of the law and not of contract. Crawford v. Sterling, 155 Ala. 511, 46 So. 849. Such lien exists only where expressly given by statute. First Colored Cumberland Presbyterian Church v. Wood Lmbr. Co.; 205 Ala. 442, 88 So. 433. The statute, it is held, is strictly construed. Fowler v. Mackentepe, 233 Ala. 458, 172 So. 266; Snellings Lmbr. Co. v. Porter, 225 Ala. 164, 142 So. 560. The provisions of the statute must be substantially complied with. Gilbert v. Talladega Hdw. Co., 195 Ala. 474, 70 So. 660.

540

It is further declared that one furnishing materials for houses on three lots is entitled to a single lien against the whole property, though two or more of said lots were separated by intervening lots owned by third person. Tallapoosa Lbr. Co. v. Copeland, 223 Ala. 41, 134 So. 658, 75 A.L.R. 1325. It is further well established that there may be separate liens for separate lots. Crawford v. Sterling, 155 Ala. 511, 46 So. 849, supra; King v. Woodlawn Lbr. Co., 201 Ala. 539, 78 So. 893. Every lien must be perfected as an entity. Crawford v. Sterling, supra; Cocciola v. Wood-Dickerson Supply Co., 136 Ala. 532, 33 So. 856.

The trial judge has certified to this court for inspection the original pleading and copy of the purported lien alleged to have been filed in the probate court pursuant to the terms of the statute. A copy only is exhibited to the bill and this pleading and exhibit so certified to our court fails to show its filing date in the Probate Court of Russell County, as is required by the statute.

In the absence of evidence on which the trial was had, we cannot say whether or not the written lien was perfected by filing in the probate court within the time prescribed by law identifying the original as being filed. Milbra v. Sloss-Sheffield Steel & Iron Co., 182 Ala. 622, 62 So. 176, 46 L.R.A.,N.S., 274. This fact may have been shown to the trial court by parol testimony. Therefore, we cannot say, from an inspection of the record, that there was a misapplication of law to fact, and that the decree should have been rendered to a contrary effect.

It results that the decree of the circuit court is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.