RUSSELL, Judge.
This is a case brought to enforce a mate-rialman’s lien and to determine priorities between a mortgage and the lien.
The issues were submitted on motions for summary judgment. The trial court *1108 denied the motion for summary judgment filed by SouthTrust Bank of Dothan (bank) and granted the motion for summary judgment filed by Danny Hornsby. The court ordered that Hornsby was due $7,620.19 plus interest, with a lien on the property involved which is superior to the mortgage of the bank, and that the property should be sold to satisfy and discharge the lien. The bank appeals. We reverse.
The dispositive issue is whether the trial court erred in granting Hornsby’s motion for summary judgment because he failed to file suit within six months of maturity of the debt.
Section 35-11-221, Ala.Code 1975, reads as follows: “Any action for the enforcement of the lien declared in this division must be commenced within six months after the maturity of the entire indebtedness secured thereby, except as otherwise provided in this division.” A lien can be lost by failure to timely file suit for its enforcement. Lily Flagg Building Supply Co. v. J.M. Medlin & Co., 285 Ala. 402, 232 So.2d 643 (1970).
The pertinent facts are that Larry Hicks, owner and contractor, executed a note and mortgage to the bank on August 13, 1985. Hornsby delivered building materials at the request of Hicks on August 15, 1985. The bank’s mortgage was recorded the following day, August 16, 1985. The account between Hicks and Hornsby became due, or matured, on October 10, 1985, and Hornsby filed a materialman’s lien on December 23, 1985. The bank Sent out a foreclosure notice on January 9, 1986, and Hicks filed for bankruptcy on January 21, 1986. Thereafter, the bank held a foreclosure sale on February 3, 1986. Hicks was discharged by the bankruptcy court on June 2, 1986.
On September 18, 1986, some eleven months after the maturing of the debt, Hornsby filed a complaint in circuit court, requesting that the court perfect his lien, determine the priorities between the parties, declare his lien superior to the bank’s mortgage, and order the property sold to satisfy the lien.
The bank contends that Hornsby’s lien is lost and is no longer enforceable as a consequence of the failure to file suit in a timely manner. We agree.
Hornsby argues that this is an action between a materialman and another creditor to adjudicate priorities and that, therefore, suit need not be brought within the six-month period fixed by statute. The trial court agreed, based on its interpretation of Lary v. Jones, 237 Ala. 575, 187 So. 714 (1939).
However, in Lary there was a suit to declare and enforce the materialman’s lien prior to the action to determine priorities.
In Lary the court stated:
“In a suit at law or by bill in equity to declare and enforce such materialman’s lien, the prior mortgagee may be made a party; but he need not be, and, if not, he is not bound by the judgment or decree. Code [1923], § 8844.
“In that event, the materialman may maintain a further suit in equity against the mortgagee to adjudicate their respective equities' and priorities and enforce the superior lien of the material-man by sale and removal of the buildings, if need be.
“This latter bill need not be brought within the six months period fixed by statute, Code 1923, § 8855, for proceedings to adjudicate and enforce the lien as against the owner.”
Lary, 237 Ala. at 576, 187 So. at 715 (emphasis added).
We cannot concur with the trial court in its interpretation of the above as relieving the materialman of the requirement of filing to perfect the lien within the required six-month period.
Further, Lily Flagg Building Supply Co. upholds that requirement.
“We readily agree with the principle of law stated in Grimsley v. First Ave. Coal & Lmbr. Co., [217 Ala. 159, 115 So. 90 (1928)], that a materialman’s lien attaches and is created at the time the work on the building or improvement commences, and it is not defeated by a subsequent sale or conveyance of the *1109 property, provided the lienor perfects his lien in accordance with the requirements of law, and it is immaterial that the conveyance was executed before suit is brought to enforce the lien. But under our statute the lien can be lost by failure to pursue it by timely filing of suit for its enforcement. In Sorsby [v. Woodlawn Lumber Co., 202 Ala. 566, 81 So. 68 (1919)] and in Home Federal Savings & Loan Assn. v. Williams, 276 Ala. 37, 158 So.2d 678 (1963), we said:
“ ‘The lien the materialman or mechanic acquires is by virtue of the statutes only, and the requirements of the statutes as to acquiring and enforcing it must be pursued, else it is lost or does not exist. * * *’ (Emphasis [added in Lily Flagg ])”
285 Ala. at 407, 232 So.2d at 648.
We find in the instant case that the lien was lost when Hornsby failed to timely file the suit to perfect his lien.
Because this issue is dispositive of the appeal, we pretermit a discussion of other issues presented.
Based on the above, we find the trial court’s order in error and reverse and remand with instructions for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.