# Chambers *v.* Marks.

*Action on Promissory Notes, by Payee against Makers.*

1. *Writings construed together as one instrument.*—Two or more writings, executed at the same time, relating to the same transaction, and referring to each other, will be construed together as parts of one and the same instrument.

2. *Provision in mortgage that secured notes "shall forthwith become due and payable" on default in payment of first.*—A mortgage being given to secure the payment of several notes, which matured at different dates extending through a period of five or six years, containing a provision that, "if default is made in the payment of said notes or either of them, in whole or in part, or the interest thereon, when due and payable, respectively, or in the payment of taxes and assessments as they become due, or if the property be not insured and repaired as herein before provided, then said notes, and the interest thereon, and said additional indebtedness and interest thereon, shall forthwith become due and payable," followed by a power of sale; each of the notes becomes due and payable, without regard to the day specified on its face, so soon as default is made in the payment of any one of them, and an action at law may be at once instituted on them.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by S. C. Marks against Robert J. Chambers and John W. Moore, and was commenced on the 15th May, 1890. The action was founded on the defendants' three promissory notes for $500 each, dated June 14th, 1886, and payable four, five and six years after date. The complaint contained ordinary counts on the several notes, and also a special count which alleged, as showing a right to sue on them before the day of maturity specified on their face, that said notes, together with three others of like tenor and amount, but payable one, two and three years after date, were secured by a mortgage containing a stipulation that, if default were made in the payment of any one or more of them, all of them should at once become due and payable at the election of the payee; and further, that default had been made in the payment of the second and third notes. A demurrer was interposed to the complaint, on the ground that it showed no present right of action, but was overruled by the court, and the defendants then pleaded the general issue, "and specially, that the notes were not due when the action was brought." On the trial, the plaintiff introduced the notes in evidence, with the mortgage, and proved that suit had been brought and

[Chambers v. Marks.]

judgment recovered on the second and third notes. On this evidence, the court gave the general affirmative charge in favor of the plaintiff, and refused it on the defendants' request. Exceptions were reserved by the defendants to these rulings, and they are here assigned as error, together with the over-ruling of the demurrer to the complaint.

TOMPKINS & TROY, for appellant, cited *Jones v. Massey*, 79 Ala. 370; *Morgan v. Martin*, 32 Mo. 438; *McClelland v. Bishop*, 42 Ohio St. 113; *Mallory v. R. R. Co.*, 35 N. Y. Sup. Ct. 174; Wiltsie on Mortgage Foreclosure, § 265, *et seq.*

THORINGTON & SMITH, *contra*, cited *Noell v. Gaines*, 68 Mo. 649; *Wheeler v. Howard*, 28 Fed. Rep. 741; Randolph on Com. Paper, § 1047; 2 Jones on Mortg. § 1182, note 5.

CLOPTON, J.—The mortgage was made by appellants to appellee to secure six promissory notes, dated June 14, 1886, and payable on their face respectively one, two, three, four, five and six years after date, with interest from June 1, 1886, The record does not state what has become of the note first maturing. Suit was brought on the next two, and judgment recovered in January, 1890. The present action, which was commenced by appellee May 15th, 1890, is founded on the three notes last maturing. The mortgage, which was executed at the same time with the notes, contains the following provision: "But, if default is made in the payment of said notes, or either of them, in whole or in part, or the interest thereon, when due and payable, respectively; or, if default is made in the payment of taxes or assessments as they become due; or, if the property be not insured and repaired as hereinbefore provided, then said notes, and the interest thereon, and said additional indebtedness and interest thereon, shall forthwith become due and payable;" which is followed by a power of sale. The question raised by the demurrer to the complaint and the charges is, whether, by the terms of the mortgage, the notes become due, upon the happening of either of the contingencies mentioned, for general purposes, or merely for fore-closure proceedings.

Two elementary principles may be regarded as largely controlling the solution of this question: (1) parties competent may fix the terms and conditions of their contracts; and (2) when separate instruments are executed at the same time, in the course and as parts of the same transaction, and intended to accomplish the same general object, they will be read and construed as if one in form. Upon the application

of these principles the cases are rested which maintain the doctrine, that such stipulations in the mortgage render the notes due and payable for general purposes. In *Noell v. Gaines*, 68 Mo. 649, the suit was on one of two notes, which had been indorsed by the payee, and which were secured by a deed of trust, containing a provision, that on failure to pay the debt, or interest, or any part thereof, when the same was due according to the face of the notes, then the whole debt shall become due and payable, and the trustees shall proceed to sell at the request of the holder of the notes. The question was, whether the note sued on had been duly protested, so as to make absolute the conditional liability of the indorser; and the solution of this question depended upon the effect of the provision in the deed of trust. It is said: "The holder of the notes and deed of trust having elected to stand upon the rigid terms of the contract, it was but just to the indorser, in order to charge him, that the maker should have been, when the default as to interest occurred, called upon for the payment of the whole debt, which then fell due in accordance with the terms of that contract; and if payment was not then made by the maker, the indorser should then have been notified; for it can not with any show of reason be urged, that the notes could, under the terms of the contract, fall due for one purpose, and not for another. If they fell due when the contingency happened, and because it happened, and because the parties upon valid consideration had thus contracted, it must needs follow that the face of the notes, under the circumstances mentioned, ceased to furnish any guide as to their maturity."

This ruling was followed in *Wheeler & Wilson Manf'g Co. v. Howard*, 48 Fed. Rep. 741. It is urged, however, that this case, having been decided by the United States Court in Missouri, following the latest ruling of the Supreme Court of the State, should not be regarded a precedent. While it is observed, that so far as the court is bound to follow, in such a question, the ruling of the Supreme Court of the State, the notes must be held to become due for all purposes, BREWER, J., also adds: "Independent of that decision, it is in accord with my own views of what the law is. . . . I had occasion, when I was on the Supreme Bench of my own State, to consider this matter in two or three cases, and that was the conclusion I then came to, and it is unchanged." We suppose *Stanclift v. Norton*, 11 Kan. 48, is one of the cases referred to, which was a suit for the foreclosure of the mortgage. But, in speaking of the general effect of such a stipulation in the mortgage, it is said: "By the express terms of the contract, the entire amount of the debt was to become due upon a

failure of the mortgagor to pay the taxes. There is nothing to vitiate such a contract. It is not prohibited by statute, nor against public policy. Nor is it a hard contract, one which it would be unconscionable to enforce. The lender of money ..may well insist that the security be kept intact, or the loan mature. This is but parallel to the case of a stipulation, that upon failure to pay interest promptly, the principal shall become due. Such stipulations have been almost universally sustained."

There are, however, respectable authorities, which hold that such a provision in the mortgage relates only to foreclosure proceedings, and does not vary for general purposes the obligations expressed on the face of the notes. Notable among these, and probably the leading case, is *McClelland v. Bishop*, 42 Ohio St. 113, which was an action against the indorser of one of a series of negotiable notes, secured by a mortgage containing the clause, that if default be made in the payment of any one, "then each and all should fall due, and this mortgage to become absolute as to all said notes remaining unpaid at the happening of such default." ·The conclusion of the court is based on two propositions—that the notes and mortgage are to· be construed as separate instruments, containing stipulations relating to matters in their nature separate; and a construction of the mortgage making the notes payable for general purposes, would extinguish the terms of the notes. And the words, "and this mortgage is to become absolute as to all said notes remaining unpaid," are emphasized, and considered, to some extent, as controlling. The question was the same as in *Noell v. Gaines*, *supra*, and the ruling opposite. Also, in *Mallory v. West S. H. R. R. Co.*, 35 Sup. Ct. 174, it was held that a clause in the mortgage, which was executed to trustees to secure a large series of bonds, "that the principal sum secured by said mortgage shall become due, in case the interest on the bonds remains unpaid for four months"—was not intended to give the several bondholders a right to sue on their bonds for the principal in case of non-payment of interest, but to give the trustees a right of action for the foreclosure of the mortgage. Some stress was laid on the fact, that the covenant was not with the bondholders, but with the trustees in trust for them, and the construction of the clause is based upon its connection with other provisions. The court also observed: "Those words quoted from the mortgage would by themselves be an agreement, that, in default of payment of interest, each of the bonds referred to should become due so as to give the holder a right of action on it." The foregoing cases sufficiently illustrate the diverse views entertained,

and the various conclusions reached by different courts. There is unanimity in opinion, that such provision in the mortgage operates to make the debt due so far as foreclosure proceedings are concerned, and there can be no doubt that it may be used in such manner and such connection as to show the intention of the parties to thus limit its purposes. But we shall not undertake to reconcile the cases.

The present suit being between the parties to the notes and mortgage, the question is not complicated with extrinsic or collateral questions, growing out of intervening rights of *bona fide* purchasers of the notes, or the liabilities of sureties or indorsers; which, it may be, should, in some cases, countervail the general effect of such stipulation in a mortgage, to which they are not parties. The consideration is limited to the effect of such provision as between the parties. Neither is it embarrassed by any question as to when a right of election should be, or whether it has been exercised. The maturity of the notes is not optional with the mortgagee, but, in case of default, they become *forthwith* due and payable. Nor is such stipulation regarded in the nature of a penalty or forfeiture in disfavor with the courts; but as an agreement for bringing the notes, in certain events, to an earlier maturity than expressed on their face, which must be construed, and the intention of the parties ascertained, by the same rules as other contracts.—*Hoodless v. Reid*, 112 Ill. 105; Wiltsie Mort. For., § 37.

The language of the provision under discussion is broad and explicit—"then said notes and interest, and said additional indebtedness and interest thereon, shall forthwith become due and payable." The notes and mortgage, though separate instruments, are not separate contracts. Being executed at the same time in the course of the same transaction, they constitute the terms of a single contract, the purpose of the mortgage being the security of the notes; and the stipulation in the mortgage and the notes relate to the same subject-matter — the indebtedness evidenced by the notes. To consider and construe the notes and mortgage as separate contracts is to dissociate instruments which the parties themselves united and made mutually dependent. The notes are evidences of the debt to which the mortgage is an incident. The full intention and meaning of the parties can only be ascertained by reading and construing them together. So reading and construing them, the evident purpose of providing for an earlier maturity of the notes, in certain contingencies, than expressed on their face, was to provide an advantage or benefit for the payee or holder, which he would not otherwise possess. Con-

[Chambers v. Marks.]

sidering the several instruments as constituting a single contract, a construction making the notes due and payable for general purposes does not defeat or extinguish the obligations expressed in the notes, but simply varies the time of performance, which only is contingent. This the parties had an unquestionable right to do, as between themselves, by expressing the condition in a separate writing.

When a mortgage, given to secure several notes maturing at different times, empowers the mortgagee to sell the mortgaged premises in case of default in the payment of any one, he may sell the entire premises, if not divisible, and retain out of the proceeds of sale a sufficient amount to pay the notes not then due. And in such case, the court may decree, in a suit for foreclosure in equity, a sale of the entire mortgaged premises, and direct any surplus of the proceeds of sale, after payment of the installments due, to be brought into court to await further order, or direct their payment to the mortgagee in satisfaction of the future installments, and in extinction of the mortgage.—*McLean v. Presley*, 56 Ala. 211; *Walker v. Hallett*, 1 Ala. 379. A provision, that all the notes shall become due and payable is not essential to one foreclosure by sale under the power or by suit, or to obtain the appropriation of the proceeds to the notes maturing in the future. So that, the mortgagee would derive no substantial benefit or advantage, which he did otherwise have, and full force would not be given the stipulation, if its purpose be limited to merely providing a remedy on the mortgage. In order, therefore, to avoid rendering it practically unnecessary and superfluous, other and further operation must be allowed.

Where a deed of trust provided that none of the notes, maturing at different dates, should become due, nor the deed of trust be foreclosed, until the last should mature, it was held that a purchaser of one of the notes, with notice of the provision, could not maintain an action and recover judgment thereon until the last note matured.—*Brownlee v. Arnold*, 60 Mo. 79. If such be the purpose and effect of a provision postponing the maturity of the notes for the benefit of the mortgagor, on what principle can a like purpose and effect be denied a stipulation that the notes shall become due upon the happening of any event agreed on by the parties? The condition in the mortgage is not used in any manner of connection, showing a limitation of its purpose to proceedings on the mortgage. This can not be inferred from the mere fact that it is followed by power to sell. The power of sale is incidental to the collection of the debt in the same sense that the mortgage is an incident to the debt itself—a part of the security. The stipulation in

[Anniston Pipe Works v. Dickey.]

the mortgage, *shall forthwith become due and payable*, is unqualified and unconditional, operative for general purposes—obligating the defendants to pay without further delay, and entitling plaintiff to demand and enforce payment. When the notes and mortgage are read and construed as if one instrument, and all the provisions of the contract are considered, the logical conclusion is, the parties intended and meant that, upon the happening of the contingencies mentioned, the notes should become due and payable, and not merely for the purpose of providing a remedy on the mortgage, but also for the purpose of a suit at law on the notes, if the plaintiff so elects—in other words, for the purpose of providing any remedy which plaintiff would have had on the maturity of the notes according to their face.

Affirmed.