# Phillips *v.* Taylor.

*Bill in Equity for Appointment of Receiver of Mortgaged Property, and for Foreclosure.*

1. *Foreclosure of mortgage when part only of mortgage debt is due; appointment of receiver.*—Where, by the terms of a mortgage given to secure the payment of several notes falling due at different dates, the mortgagee may declare the entire debt due on default in the payment of any of the notes, on such default before the maturity of all the notes according to their terms, the mortgagee may foreclose for the entire debt, or he may proceed for a present foreclosure only for the notes then due according to their tenor; but he cannot maintain a bill filed, not for a present foreclosure at all, but for the appointment of a receiver to take charge of the mortgaged property and collect the rents pending the maturity of all the notes, and for a foreclosure only when all the notes shall have matured.

APPEAL from the City Court of Decatur.
Heard before the Hon. WILLIAM H. SIMPSON.

BROWN & WOOD, for appellant.

WERT & SPEAKE, *contra*.

THORINGTON, J.—Appellant filed his bill of complaint on the equity side of the City Court of Decatur, averring the following state of facts: Appellee, being indebted to appellant in the sum of nine hundred dollars, executed and delivered to the latter, on December 29th, 1889, twenty-two promissory notes, each for forty 90-100 dollars, payable, respectively, each and every month thereafter, beginning with the 18th day of March, 1891, and ending January, 1893; and to secure the payment of said notes, appellant and his wife executed a mortgage on certain city lots therein described, a copy of which mortgage is attached to the bill, and by its terms the mortgagee is given the right to foreclose on default in the payment of either of the notes. At the time the bill was filed, seven of said notes had fallen due and were unpaid, and on two of them a judgment was obtained, but nothing realized, for the reason that the defendant interposed a claim of exemption. Appellee, as mortgagee, being entitled to possession of the property and the rents, upon the law-day of the mortgage, demanded the same of appellant, who thereupon refused to surrender either, and furthermore instructed his tenants not to pay rent to appellee. Appellant and his tenants are insolvent. The property rents for ten or twelve dollars per month; and if it should be sold at the present low price of real estate in Decatur, and the vicinity thereof, would be sacrificed, and would probably realize not exceeding one-third or one-half of appellee's debt. The tenants have been notified by appellee to pay the rents to him, but have refused to do so, and have paid the same to appellant, and will continue to do so unless they shall be intercepted by the appointment of a receiver. The rents are due on the 18th day of each month, and the installment of rent falling due September 18th, the day after the filing of the bill, would be paid to appellant, and lost to the appellee, unless prevented by the appointment of a receiver as aforesaid.

The prayer for relief is, that a receiver may be appointed to collect the rents, hold and rent out the property, as may be necessary, until the maturity of the last note, and apply the rents to the payment *pro tanto* of the mortgage debt; that the cause may be retained in the court for that purpose, until the maturity of the last note; and if the debt is not then satisfied, that the court may decree a foreclosure. There is also a prayer for general relief. The bill was filed on the 17th day of September, 1891, and the last note does not mature until January, 1893.

A receiver was appointed by the court on the filing of the

[Phillips v. Taylor.]

bill, before answer, and without notice. Appellant filed a motion on that ground to discharge the receiver, and also filed a demurrer to the bill, and a motion to dismiss for the want of equity. But, on the motion to discharge the receiver, there was no denial of the mortgage debt, nor were there any affidavits controverting the averments of fact or urgency as grounds for the appointment of a receiver. Appellee filed a demurrer to the motion of appellant to discharge the receiver, and the cause was submitted on the motions of each party and the demurrer of appellant to the bill. The court denied both motions, overruled the demurrers, and sustained the bill.

The bill, as above shown, does not seek a present foreclosure of the mortgage, but prays for a receiver to collect the rents and apply them to the mortgage debt, and to hold and rent out the property, when necessary, until the last note falls due in January, 1893, which will be about fifteen months from the time the bill was filed.

By the terms of the mortgage, all the notes became due for all the purposes of a foreclosure, on default in payment of part of the notes; and the case, when the bill was filed, was in every respect as ripe for that purpose as it will be in January, 1893. The maturity of the entire debt by the terms of the mortgage, on default in the payment of part of the notes, is the only basis of complainant's right to file a bill at this time for the foreclosure of the mortgage for the satisfaction of the entire debt.—*Chambers v. Marks*, 93 Ala. 412. It is a general rule which prevails in equity, as well as at law, that no suit can be maintained before a cause of action has accrued, and that a bill can not be maintained by a creditor to subject property to the payment of his debt before its maturity.—*Freider v. Lienkauff & Strauss*, 92 Ala. 469; *Bragg v. Patterson*, 85 Ala. 233; *Jones v. Massey*, 79 Ala. 370. Appellee, therefore, must either avail himself of the provision in the mortgage which *ex vi termini* matures the entire debt on default in payment of part of the notes, and foreclose the mortgage for the entire debt, or he must proceed for a present foreclosure only for the notes which were due at the time the bill was filed.—*McGhee v. Importers & Traders Nat. Bank*, 93 Ala. 192.

There is no doctrine of the courts of equity which justifies the attempt of appellee to base his foreclosure suit on all the notes and yet seek to postpone the foreclosure until the last note falls due according to its *tenor*, when all the notes are now due according to the *mortgage*. This would put upon the mortgagor all the risk of further depreciation in

the value of the property, as well as the burden of the ac-
cruing interest.   There is also no guaranty that the property
will appreciate in value, and consequently realize more to
the mortgage debt, by the time the last note matures by its
terms, than it would if the mortgage were foreclosed now.
That is the merest speculation, and might operate as a hard-
ship on the mortgagor, who has no means of providing
against further depreciation of the value of the property in
the event of such postponement of the sale.   On the other
hand, complainant, notwithstanding the condition of the real
estate market in Decatur, can protect himself from a sacri-
fice of the mortgaged property under a present decree of
foreclosure by obtaining from the court authority to bid and
purchase under the decree of sale.   The cases are probably
rare where mortgaged property brings its full or market
value at a forced sale under the mortgage, and perhaps more
often than otherwise it becomes necessary for the mortgagee
to buy at such sale in order to prevent a sacrifice of the
property.   The reasons alleged for the postponement of the
sale, therefore, are not sound if it were conceded that the
court was vested with the power to grant the prayer of the
bill in that particular.

The logic of the matter is, that the cause is either ripe
for a foreclosure for the satisfaction of the entire debt or it
is not.   If it is, then it must proceed in regular course, and
there can be no postponement of the decree of foreclosure
as prayed in the bill.   If it is not, then there can be no fore-
closure at all except as to the notes already due.   Nothing
herein said is intended in any way to modify the decision
of this court in the case of *Levert v. Redwood*, 9 Porter, 79,
or as intimating that appellee may not avail himself of the
course of proceeding indicated in that case if he should so
desire.

Generally, the mortgage debt must be already due to enti-
tle the mortgagor to have a receiver appointed.   At any rate,
there must have been such default as entitles him to com-
mence an action to foreclose the mortgage, and the bill must
be actually filed for that purpose.—2 Jones on Mortgages,
§§ 1530–31.   It would be an anomaly in the law to permit
appellant's property to be taken out of his possession, and
turned over to the Chancery Court, to be held and managed by
it for appellant's benefit until he may conclude a favorable
time for the sale has arrived, when all the conditions author-
izing a sale now exist.

The averments of fact in the bill of complaint are suffi-
cient to show a proper case for the foreclosure of the mort-

gage for the payment of the entire debt, and also to warrant the appointment of a receiver. The bill, however, will have to be so amended as to make it one for the present foreclosure of the mortgage, either for the payment of the entire debt, or for that part of the debt which was due when the bill was filed.

The demurrer filed by appellant reached this defect, and the lower court erred in sustaining the bill in its present frame. Its decree must be reversed, and a decree will be entered here directing the bill of complaint to be dismissed, and that the receiver be discharged, unless appellee shall within thirty days from the date of this decree so amend his bill as to seek a present foreclosure of the mortgage therein described for the satisfaction of the entire mortgage debt, or that part thereof which was due when the bill of complaint was filed.

Reversed and rendered.