# Nelms, *et al. v.* Rogers.

*Bill to Enjoin Foreclosure of Mortgage Under Power.
Cross Bill For Foreclosure.*

(Decided April 23, 1908.  46 South. 453.)

*Mortgages; Stipulation for Maturity on Failure to Make Partial Payment; Waiver.*—Where the mortgage stipulated that the failure of the mortgagor to pay anyone of several notes maturing monthly should mature the entire debt, an agreement by the mortgagee that the time for paying a matured note should be extended to the date of the maturiay of the next note, was not a waiver of the default occurring upon the failure to pay on the date of the maturity of both notes.

[Nelms, et al. v. Rogers.]

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by James Nelms and another against Joe Rogers; respondent filing a cross-bill. From a decree dismissing the bill and granting relief on the cross-bill, complainants appeal. Affirmed.

H. H. GOLDSTEIN, for appellant. When in consequence of an agreement the mortgagor fails to pay his interest within the time limited by the condition of the mortgage, equity will relieve him.—*McCotter v. Degroot*, 19 N. J. E. 72; s. c. 19 N. J. E. 531. A court of equity will enjoin the execution of a power when it clearly appears that the power is preverted from legitimate purposes to oppress or aid in obtaining an unconsciousable advantage.—*Struve v. Childs*, 63 Ala. 470; *McCalla v. Otey*, 90 Ala. 302; s. c. 99 Ala. 584.

ARTHUR L. BROWN, for appellee. By indulging complainants in the payment of the July note and the interest on the May and June note, the forfeiture was not waived.—*Parker v. Oliver*, 106 Ala. 549; *Chambers v. Marx*, 93 Ala. 412. After the failure of the mortgagor to pay the note or any one of them, at maturity, the mortgage was then ripe for foreclosure.—*Phillips v. Taylor*, 96 Ala. 426 and authorities supra.

TYSON, C. J.—The bill in this cause seeks to enjoin the foreclosure of a mortgage under the power contained in it. The mortgagee, by his answer, which is made a cross-bill, seeks a foreclosure of the mortgage. The chancellor dismissed complainant's bill and granted relief on the cross-bill.

The theory of complainant's bill seems to be twofold: First, there was no default such as entitled the mortgagee to foreclose; and, second, if default, it had been

[Alabama Western R. R. Co. v. The State ex rel. Attorney General.]

waived.  By the express terms of the mortgage a default as to the entire debt secured by it occurred upon the mortgagor's failure to pay any one of the several promissory notes which matured monthly, unless waived by the mortgagee.—*Chambers v. Marks,* 93 Ala. 412, 9 South. 74; *Phillips v. Taylor,* 96 Ala. 426, 11 South. 323. Was there a waiver of the default?  When the July note matured there was an agreement between the parties that it should be extended until the date of the maturity of the August note.  No attempt to collect it or to foreclose the mortgage was made until after the date fixed by the agreement of the parties.  Certainly this agreement could not and did not operate as a waiver of the default which occurred upon the failure to pay on the day of the maturity of both notes.—*Parker v. Oliver,* 106 Ala. 549, 18 South. 40.  Nor does the testimony sustain the contention of no default in the payment of these two notes at their maturity in August, or that the mortgagee waived such default. We entertain the opinion that the decree was correctly rendered, and that it should be affirmed.

Affirmed.

Dowdell, Anderson, and McClellan, JJ., concur.