(78 South. 217)

COLLEGE COURT REALTY CO. v. J. C. LETCHER LUMBER CO. (3 Div. 312.)

(Supreme Court of Alabama. Nov. 15, 1917. On Rehearing, March 23, 1918.)

1. MECHANICS' LIENS ⬅130(1)—FURNISHING MATERIAL FOR SEVERAL BUILDINGS.

Where material is furnished under one contract for three buildings on different lots, the materialman is entitled to a lien on one lot if he can identify, segregate, and correctly estimate the amount and value of the material that went into the building on such lot.

2. MECHANICS' LIENS ⬅132(3) — TIME FOR FILING LIEN—"ACCRUED."

Under Code 1907, § 4758, providing that a materialman's lien should be filed within 6 months after the indebtedness has "accrued," a lien may be filed within 6 months and 60 days after delivery of material on 60 days' time.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accrue.]

Appeal from City Court of Montgomery; Gaston Gunter, Judge.

Proceedings to enforce a materialman's lien by the J. C. Letcher Lumber Company against the College Court Realty Company. Judgment for plaintiff, and defendant appealed. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Tyson, Arrington & Arrington, of Montgomery, for appellant. Thomas & Wiley, of Montgomery, for appellee.

SAYRE, J. Under and by virtue of a contract with the owner, or its agent, appellee furnished to appellant a certain lot of lumber to be used in the building of three houses on, it seems, separate lots in College court. The contract did not set apart any part of the lumber to the separate houses, but appellee has been able to identify, segregate, and correctly estimate the amount and value of the lumber that went into the house on lot 14, and in the trial court had judgment for the value thereof and a lien for the same declared upon lot 14 and the building thereon.

[1] Appellant insists, on several grounds, that appellee was not entitled to the lien. Of the first of these, viz. that the lumber did not go into the building on which the lien was declared, we need not repeat the conclusion, already stated, that appellee has been able to establish the fact that the lumber for which it has been awarded a lien did go into the building on the lot on which, also, the lien is laid.

In the next place it is insisted that the lumber was not furnished for the particular building or lot on which the lien has been decreed. We have made a summary statement of the facts, and we think on the facts so stated and under our statute appellee was entitled to its lien. "The whole theory of the statute is to give the materialman a preferred claim on a lot of land, for the amount which he has contributed in improving that particular land, or the building situated thereon." Eufaula Water Co. v. Addyston Pipe & Steel Co., 89 Ala. 552, 8 South. 25. Reading the statute with reference to the needs of this case, it provides that every person or corporation who shall furnish any material for any building on land, under or by virtue of any contract with the owner or his agent, shall have a lien therefor on such building and on the land on which the same is situated. In Missouri, where the statute is essentially the same as ours, it has been held that a lien should be declared in the circumstances here shown. Wilson v. Ware, 150 Mo. App. 61, 130 S. W. 822; Hayden v. Logan, 9 Mo. App. 492. And in other jurisdictions cases have been decided on principles which lead to the same result. Rockel, Mech. Liens, § 85; Harper v. Keely, 17 Pa. 234; Lax v. Peterson, 42 Minn. 214, 44 N. W. 3. This position finds support in a reasonable construction of the remedial statute in question, nor have we found any express or implied adjudications to the contrary. To notice more particularly some of our own cases which have been cited by appellant, Cook v. Rome Brick Co., 98 Ala. 409, 12 South. 918, in common with all the authorities, holds that, in order to a lien, the material must be furnished for use in a certain building, or, we think we may add on the reason of the matter and the authorities heretofore cited, on certain buildings. There was in that case no question as to a lien for materials that had gone into more than one building, and the relevant point of the opinion, as we view it, was simply this, that the materials must be furnished, not altogether upon the personal credit of the purchaser, but upon the credit of the certain building or buildings into which they go; that is, with an understanding that they are to go into a certain building or certain buildings. Nor was the question involved in Johnson v. Simmons, 123 Ala. 564, 26 South. 650; nor in Eufaula Water Co. v. Addyston Pipe & Steel Co., supra. In the first-named case the court, noting the grounds of its decision, stated the fact that plaintiff had failed to prove the amount of lumber that went into each of three separate houses. In the last, the decision was that a lot could not be subjected to a lien for the whole value of an improvement, a pipe line, a part of which lay without its limits. Cocciola v. Wood-Dickerson Supply Co., 136 Ala. 532, 33 South. 856, con-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

strued a local act. While it must be admitted that the writer of the opinion, citing Cook v. Rome Brick Co. and Johnson v. Simmons, supra, laying the foundation for his construction of the local act, used language which seems to indicate his opinion that, in order to acquire a lien under the general statute of the state, *the particular goods* must have been furnished for the erection of *the particular building* on which the lien is sought (italics supplied), yet it may be noted that in truth the point here involved was not in issue, and that neither the cases so cited nor any other authority, so far as we are informed, had gone to the length indicated in his prescription of a double particularity, and the Legislature in its enactment of the local law, providing for a lien in terms not different from those employed in the general law, and then that "when the improvement consists of two or more buildings * * * it shall not be necessary to file a separate lien upon each building," seems to have proceeded upon the theory that, wholly apart from the local act, separate liens might be filed in cases like the present. To repeat the substance of our holding: It appears on reason and authority that, as for the point here in question, appellee was entitled to a lien.

[2] Finally, appellant contends that the claim of a lien was not filed in the office of the judge of probate within 6 months after the indebtedness accrued, as required by the statute. Section 4758 of the Code provides that:

"It shall be the duty of every original contractor within six months * * * after the indebtedness has accrued to file," etc.

Shorter times are provided for journeymen and others. That appellee was an original contractor within the meaning of the section is not denied. The materials were furnished to be paid for in 60 days, and the claim of lien was filed within 6 months after the expiration of the 60 days. It is true, that, where there has been no agreement or mutual understanding to the contrary, the indebtedness becomes due and payable, accrues, on the delivery of the last item of the material furnished. Where, however, the materials are to be paid for at 60 days, the indebtedness accrues at the end of 60 days, and not sooner. The question hardly requires argument, but we note that in Cutcliff v. McAnally, 88 Ala. 507, 7 South. 331, it was said that:

"The word 'accrued' is evidently used in the sense of having come to maturity, so as to be due and payable."

There is nothing in the statute which forbids the right to contract for a due date or imposes upon such a contract the penalty of forfeiture of the lien. The court recognized this in Garrison v. Hawkins Lumber Co., 111 Ala. 308, 20 South. 427, when it said:

"The last item on the account filed is June 10, 1893, which, in the absence of anything else showing that it matured by agreement at a different date, may be treated as the date of the indebtedness sought to be secured by lien."

We are not concerned about the wisdom of the statute in every of its particular provisions. We deal with it as we find it, and, so dealing, we hold that appellee's claim was filed within 6 months from the date on which it accrued. We may note, however, that while the statute in its present shape provides that a suit for the enforcement of a lien under it must be commenced within 6 months after the maturity of the entire indebtedness thereby secured, that does not affect the quoted requirement of section 4758, nor does it affect the question raised on the pleading in this case.

We have thus considered the objections taken against the judgment without finding error. It results that the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS, J., concur. McCLELLAN, J., concurs in the conclusion.

### On Rehearing.

SAYRE, J. Application overruled. All the Justices concur, except McCLELLAN, J., who dissents.