143 So. 173

## GORR LUMBER CO. v. McMILLAN et al.

### I Div. 713.

Supreme Court of Alabama.

June 2, 1932.

Rehearing Denied June 23, 1932.

D. P. Moore, of Mobile, for appellees.

J. G. Bowen, of Mobile, for appellant.

**FOSTER, J.**

■ The bill of complaint alleges the execution of a contract to repair a house of respondent, and seeks to enforce a lien under section 8832, Code, but does not allege, except by inference, the performance of the contract and that the work and labor was done and material furnished as provided in it. It was therefore subject to the fourteenth assignment of the demurrer. The decree sustaining the demurrer was therefore without error.

■ But as complainant may amend the bill to cure that defect, it is proper that we consider other assignments discussed by counsel. The first five grounds of the demurrer are answered by section 8842, Code, conferring jurisdiction on the chancery court. Bennett Realty Co. v. Isbell, 219 Ala. 318, 122 So. 337; Roobin v. Grindle, 219 Ala. 417, 122 So. 408. The sixth and seventh grounds are answered in paragraph 6 of the bill. The ninth, tenth, eleventh, and twelfth grounds, also pointed out a defect which justifies the decree. The bill does not show that the statement in writing required by section 8836, Code, to be filed, was verified by the oath of the person claiming the lien. The copy attached as an exhibit to the bill is not a completed instrument, for that the verification was not completed, and it does not appear to have been signed.

■ By the eighth ground of demurrer the question is raised as to whether the bill shows that the statement was filed within six months of the accrual of the claim. The point is made that the bill shows that the claim accrued upon the completion of the work and not at the maturity of the debt. By the terms of the contract the debt was to mature in ten monthly installments, the first due July 1, 1930, and the last due April 1, 1931. The statement was alleged to have been filed February 6, 1931. In several cases this court held that when the debt matured, as contracted, it then accrued within the meaning of this statute. Cutcliff v. McAnally, 88 Ala. 507, 7 So. 331; College Court Realty Co. v. Letcher Lumber Co., 201 Ala. 361, 78 So. 217; Id., 201 Ala. 362, 78 So. 218; Hagan v. Riddle Co., 209 Ala. 606, 96 So. 863.

The case of Tyler v. Birmingham Realty Co., 207 Ala. 210, 92 So. 264, was not intended to conflict with the foregoing authorities. On the other hand, the case of Woodall v. Southern Mfg. Co., 223 Ala. 262, 135 So. 446, supports our earlier cases on that subject, and also the conclusion we have reached in other aspects of this case. .

■ The contract also provided that the amount of the debt "becomes due in full, after default in two successive monthly notes." It is claimed therefore that by the contract the entire debt accrued when default was made in the payment of notes due July 1st and August 1, 1930, and the period of six months then began and expired before February 6, 1931, when the statement is alleged to have been filed. So that the question is: Did the entire debt thus mature in the absence of an election of the holder of the notes and contract so to treat it? The notes were unconditional obligations by the maker to pay at a certain time, not before nor after. The acceleration of the maturity of the notes by reason of such a stipulation is not intended to confer a right upon the maker to change his unconditional contract by reason of his own default. Jones v. Hert, 192 Ala. 111, 68 So. 259; Wood Lumber Co. v. Morris, ante, p. 281, 142 So. 508; 8 Corpus Juris 417; Walter v. Kilpatrick, 191 N. C. 458, 132 S. E. 148; see section 9030, Code.

We cannot therefore concur in the contention of appellee that for this reason the bill shows that the statement was filed more than six months after the claim accrued.

■ It is also contended that upon the theory of that conclusion the claim was prematurely filed, in that two of the monthly payments had not matured at that time, and that the claim matured only when the last installment became due. But we think that if the holder of the notes and contract filed his statement making claim for the entire debt embracing the amount of all the notes, before the maturity of two of them, but "after default in two consecutive monthly notes," he thereby exercises his option to accelerate the maturity of those not otherwise due, so that then and thereby they all accrued, and fixed the time in which the statement was due to be filed pursuant to section 8836, Code. We do

not think that the decree sustaining demurrer to the original bill can be supported upon the theory that it does not show a filing in the time fixed by that Code section.

But the amendment alleges that complainant never exercised its option to declare the indebtedness due until the bringing of the suit. While the filing of the declaration may show prima facie that such option was so exercised, there may be circumstances which would show a contrary purpose. So that when the amendment expressly alleges that there has been no election to accelerate the payment of the notes before their due date, such prima facie showing to that end is contradicted, and complainant is concluded by its express allegations. The effect of such amendment is to show that the declaration was filed in the probate office before the claim matured, though the suit was begun within the time declared by statute. Section 8855, Code.

The general rule is that if the statement is prematurely filed, it does not comply with the statute, and does not preserve the lien. Snellings Lumber Co. v. Porter, ante, p. 164, 142 So. 560; 40 Corpus Juris, 187, 196.

But the bill as amended was therefore subject to the eighth ground of demurrer assigned to the original bill.

The record shows that such grounds were reassigned after the bill was amended.

But for the reasons we have indicated, we think the decree sustaining the demurrer to the bill as originally filed and as amended, was free from error, and it is affirmed. We note that the bill has not been dismissed, and it is therefore subject to amendment to cure the defects we have noted.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.