165 So. 87

### SUMMERS v. WRIGHT.
6 Div. 795.

Supreme Court of Alabama.
Nov. 21, 1935.

Rehearing Denied Jan. 16, 1936.

Perry & Powell, of Birmingham, for appellant.

**373**

Edw. T. Rice, of Birmingham, for appellee.

Perkins v. Swain, 34 A.L.R. 894, with appropriate comments on the theories supporting the divergent views. See, also, 19 R.C.L. p. 499; 8 Corpus Juris, p. 138.

Any consideration here of the authorities of other jurisdictions would serve no useful purpose, as we think that in principle, at least, the matter has been determined by this court adversely to demurrant's contention.

We have here adopted the view that such acceleration clause is for the benefit of the mortgagee, and is not intended to grant to the mortgagor a right, by his own default, to change his unconditional promise to pay at a given date as disclosed by his notes. In 2 Jones on Mortgages (8th Ed.) § 1515, holding to this view, is cited Cox v. Kille, 50 N.J.Eq. 176, 24 A. 1032, 1033, which sustains the text, and notes as analogous like provision for re-entry in contracts of landlord and tenant, with the observation: "It is entirely optional with the lessor whether he will avail himself of this right of re-entry or not, although, by the terms of the proviso, the term is to cease or become void for the nonperformance of the covenants; and, if the lessor does not avail himself of it, the term will continue, for the lessee cannot elect that it shall cease or be void." Like reasoning was applied by this court concerning the relation of vendor and vendee in Jones v. Hert, 192 Ala. 111, 68 So. 259, and was in harmony with that of the Supreme Court of the United States in Stewart v. Griffith, 217 U. S. 323, 30 S.Ct. 528, 54 L. Ed. 782, 19 Ann.Cas. 639. And speaking to the same question, this Court in George E. Wood Lumber Co. v. Morris, 225 Ala. 281, 142 So. 508, 509, said: "Construing such a contract, this court held in Jones v. Hert, 192 Ala. 111, 68 So. 259, in line with current authority, that such provision in a contract of sale is in no sense an option to the purchaser to abandon the contract and defeat his unconditional promise to purchase and pay for the property, and such clause only meant to reserve in the vendor the right to avoid the sale at his election upon such default by the purchaser."

But still more directly in point is the case of Gorr Lumber Co. v. McMillan

GARDNER, Justice.

Demurrer to so much of the bill that seeks a deficiency judgment was sustained upon the theory the debt was barred by the statute of limitations (Code 1923, § 8944), not on account of the maturity date of the notes, but by virtue of the acceleration clause in the mortgage.

Upon this question there is sharp conflict in the general current of authorities. Numerous cases are cited in the note to

225 Ala. 303, 143 So. 173, 176, where the question was presented as to whether or not a mechanic's statement had been filed within six months of the accrual of the claim. The indebtedness under the contract was payable in installments, and evidenced by the execution of several notes, payable at a given date. The following excerpt from the opinion will suffice to show the ruling, which is here pertinent: "The contract also provided that the amount of the debt 'becomes due in full, after default in two successive monthly notes.' It is claimed therefore that by the contract the entire debt accrued when default was made in the payment of notes due July 1st and August 1, 1930, and the period of six months then began and expired before February 6, 1931, when the statement is alleged to have been filed. So that the question is: Did the entire debt thus mature in the absence of an election of the holder of the notes and contract so to treat it? The notes were unconditional obligations by the maker to pay at a certain time, not before nor after. The acceleration of the maturity of the notes by reason of such a stipulation is not intended to confer a right upon the maker to change his unconditional contract by reason of his own default."

The cited case of Walter v. Kilpatrick, 191 N.C. 458, 132 S.E. 148, 150, is that, "an action upon a note accrues, at its maturity, according to its tenor, notwithstanding a provision for acceleration, if acceleration is waived or not enforced by the holder."

The case of Watson v. Clayton, 230 Ala. 59, 159 So. 481, 482, is by analogy also here in point. Although a different statute was there invoked by the defendant, yet, in principle, that decision is likewise here applicable. It was there observed: "While it seems to be the law in some jurisdictions that provisions in notes accelerating maturity on nonpayment of interest installments or other defaults may be absolute in form, and leave no option to either party, nevertheless the weight of authority, including our decisions, and the rule of reason are that such provisions are inserted for the benefit of the payee or holder of the note or mortgage, and are enforceable at the option of such payee

or holder, and the debtor cannot by his default destroy such option."

In noting the authorities, a clerical error inadvertently intervened, wherein was cited United States Fidelity & Guaranty Co. v. Yeilding Bros. Co. Department Stores, 225 Ala. 307, 143 So. 176. The case in the report immediately preceding was that of Gorr Lumber Co. v. McMillan, 225 Ala. 303, 143 So. 173 (commented on above), and which the author intended to cite, but through inadvertence noted United States Fidelity & Guaranty Co. v. Yeilding Bros. Co. Department Stores, which has no bearing upon the question.

These authorities (with particular emphasis upon Gorr Lumber Co. v. McMillan, supra, which dealt with a limitation statute) should suffice to demonstrate that this court is committed to the view that the acceleration clause was inserted for the benefit of the mortgagee, and enforceable at his option; and that the debtor cannot by his default destroy such option. Nor is there anything in the holding of the court in Chambers v. Marks, 93 Ala. 412, 9 So. 74, 77, out of harmony with this view. There the suit was on the notes and defendant insisting they had not yet matured, notwithstanding the provision of the acceleration clause contained in the mortgage given for their security. The authorities were in conflict as to whether or not such a clause in the mortgage was to be given effect only for foreclosure proceedings, or to be extended so as to authorize also a suit at law upon the notes. 41 Corpus Juris, 559. It was to this question the opinion was addressed, and in the light of these conflicting views the language therein expressed is to be interpreted. The holding was that the suit on the notes was not prematurely brought. The whole scope of the holding is found in the concluding clause of the opinion, as follows: "When the notes and mortgage are read and construed as if one instrument, and all the provisions of the contract are considered, the logical conclusion is, the parties intended and meant that, upon the happening of the contingencies mentioned, the notes should become due and payable, and not merely for the purpose of providing a remedy on the mortgage, but also for the pur-

pose of a suit at law on the notes, if the plaintiff so elects; in other words, for the purpose of providing any remedy which plaintiff would have had on the maturity of the notes according to their face."

It therefore appears that no such question as here presented was there involved or considered.

The case of Derzis v. Cox, 223 Ala. 517, 137 So. 306, is to like effect, and cites Chambers v. Marks, supra. That of Parker v. Olliver, 106 Ala. 549, 18 So. 40, involved the question as to whether or not the bill to foreclose the mortgage was prematurely filed. The mortgagee had merely exercised his election to declare the debt due by virtue of the acceleration clause, and his right to do so was sustained.

But we forego further discussion, as we think the question is foreclosed by the previous decisions of this court as herein noted, and contrary to defendant's insistence.

Due consideration has been given the forceful argument of counsel for defendant in presenting the opposing view. Much has been written and conflicting views entertained. But we are here committed to the opinion, as herein expressed, and have no inclination to depart therefrom.

Defendant has placed much reliance upon Chambers v. Marks, supra, but we think what has been said suffices to show that authority in no manner involved this question. And, indeed, we think, a careful consideration of the holding in Phillips v. Taylor, 96 Ala. 426, 11 So. 323, wherein Chambers v. Marks, supra, was cited, indicates the mind of the court as interpreting that authority in harmony with the conclusion here reached.

It results that the decree will be reversed, and the cause remanded.

Reversed and remanded.

BOULDIN, BROWN, and FOSTER, JJ., concur.