21 So.2d 842

**EVANS v. KILGORE et al.**

6 Div. 303.

Supreme Court of Alabama.

March 1, 1945.

Rehearing Denied May 10, 1945.

Pennington & Tweedy, Curtis & Maddox, and Carl A. Elliott, all of Jasper, for appellant.

Arthur Fite, of Jasper, for appellees.

LIVINGSTON, Justice.

Suit to recover the balance alleged to be due on six promissory notes.

Defendants filed eight pleas to the complaint and to each count thereof, separately and severally. Plea 1 was the general issue. Plea 3 alleged payment before suit filed. Pleas 2, 4, 5, 6, 7 and 8 set up special defensive matter. Plaintiff interposed demurrers to pleas 2, 4, 5, 6, 7 and 8. Demurrers were overruled as to plea 5, and sustained as to pleas 2, 4, 6, 7 and 8. On account of the adverse ruling as to plea 5, plaintiff took a non-suit, and suffered judgment to be rendered against him, and appealed to this court, assigning as error the ruling of the trial court in overruling demurrers to plea 5.

We will treat first appellee's contention that if a plea of the general issue is filed with special pleas and plaintiff takes a nonsuit under the provisions of section 819, Title 7, Code of 1940, and suffers judgment against him because his demurrer to a special plea is overruled, and offers no proof to support the complaint, the judgment of dismissal will be referred to

the general issue, and affirmed; that the error, if any, in overruling plaintiff's demurrer to the special plea is error without injury. This contention is supported by the case of Silverfield v. Globe Indemnity Co., recently decided by the Court of Appeals, and reported in 19 So.2d at page 76. It does not appear that the Silverfield case reached this court, and we must now disapprove it. In the main, the cases cited to support the Silverfield case were cases in which the plaintiff, by refusing to plead over, suffered judgment without adducing proof of his complaint, and without resorting to the statutory method of review by nonsuit. In the instant case the plaintiff may have been able to make out the case alleged in the complaint, but wholly unable to meet the matter of avoidance alleged in plea 5. It was therefore necessary within the meaning of the statute for plaintiff to have a ruling touching the legal sufficiency of the alleged matter of avoidance. Bush v. Russell, 180 Ala. 590, 61 So. 373; Kennedy v. Lyric Theater Co., 213 Ala. 153, 104 So. 274.

In substance, plea 5 is a plea of the statute of limitations of six years.

The suit, commenced on May 14, 1940, is to recover the balance alleged to be due on six promissory notes executed on December 18, 1931, and due and payable as follows: one note on December 18, 1932, and one note on December 18th of the next succeeding five years. Payment of the several notes was secured by a mortgage conveying certain described real estate, and providing: "Upon condition, however, that if the said T. B. Kilgore * * * pay said notes and reimburse said H. W. Cranford * * * then this conveyance to be null and void; but should default be made in the payment of any sum expended by the said H. W. Cranford, guardian or should said notes or any part thereof, or the interest thereon, remain unpaid at maturity, or should the interest of said H. W. Cranford, guardian or his assigns in said property become endangered by reason of the enforcement of any prior lien or incumbrance thereon, so as to endanger the debt hereby secured, then in any one of said events the whole of said indebtedness shall at once become due and payable, and this mortgage be subject to foreclosure as now provided by law in case of past due mortgages * * *."

Plaintiff bases his claim for the balance alleged to be due on said notes on the following facts: the note due on December 18, 1932, was not paid at maturity, and was still unpaid on May 18, 1933, and on which later date, and in lieu of foreclosure, the mortgagors executed and delivered to the mortgagee a deed to the real estate described in the mortgage; that when said deed was executed and delivered the indebtedness evidenced by said notes was in excess of $3,000, and that said deed in lieu of foreclosure was to have the force and of foreclosure was to have the force and effect of a payment of $2,500.

Defendant's plea 5 alleges in substance that the six notes and the mortgage securing their payment, were executed at one and the same time and constituted one transaction; that said notes were not under seal; that the note due on December 18, 1932, was not paid at maturity, and was still unpaid on May 18, 1933, and on which later date the payee elected to mature the entire indebtedness evidenced by said notes and secured by said mortgage; and that more than six years elapsed from the maturity of the indebtedness and the commencement of the action.

All actions founded on promises in writing, not under seal, must be commenced within six years after the cause of action has accrued and not afterwards, unless specifically provided for by the Code. Sections 18 and 21, Title 7, Code of 1940.

It is elementary that parties competent may fix the terms and conditions of their contracts, and when separate instruments are executed at the same time, in the course of and as parts of the same transaction, and intended to accomplish the same general object, they will be read and construed as if one in form.

We are not here concerned with whether the acceleration clause in the mortgage is absolute in form or gives an option or election to the mortgagee. See Summers v. Wright, 231 Ala. 372, 165 So. 87.

Plea 5 substantially alleges that plaintiff elected to mature the entire indebtedness as of May 18, 1933. Indeed, plaintiff admits as much. The complaint set out the acceleration clause in the mortgage and the deed in lieu of foreclosure.

In Chambers v. Marks, 93 Ala. 412, 9 So. 74, it was held that an acceleration provision in a mortgage securing notes enters into and becomes a part of the notes, so that the maturity of the notes is advanced in like manner with the maturity of the

**650**

mortgage, not only for the purpose of fore-closure but for all purposes. See, also, Derzis v. Cox, 223 Ala. 517, 137 So. 306.

The mortgagee's action matured all the notes for all purposes on May 18, 1933, and the statute of limitations commenced to run on that day. It follows therefore that the trial court did not err in overruling plaintiff's demurrer to plea 5, and the cause is due to be, and is, affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.