WRIGHT, Presiding Judge.
This case involves the “relation back” doctrine of Rule 13(c), A.R.C.P. and § 6-8-84, Code (1975). The issue arises under the following pertinent facts:
Willie D. Fletcher and his wife borrowed $1,458.87 from Public Finance Company of Alabama (Public). The note was payable in thirty-six monthly installments of $54, beginning June 3, 1973, with a maturity date of May 5, 1976, for a total of $1,944. Only $300 was ever paid on the loan. Intermittent payments were received by the lender between June 4, 1973, and June 30, 1974. The majority of the payments were late, and some of them were for less than the amount due monthly. The note contained an optional acceleration clause which allowed the lender, upon default in any payment, to declare the entire unpaid debt due. On October 29,1974, the lender brought suit for the entire balance owed, plus interest, attorney’s fees and costs in the district court, alleging default on July 31, 1974.
*1040 A default judgment was taken December 17, 1974, but was set aside for insufficient service of process on April 15, 1976. Following proper service, Fletcher answered with a general denial. He later amended to specifically deny that default on the loan occurred on July 31,1974. He also counterclaimed for Truth-in-Lending disclosure violations under 15 U.S.C. § 1640. Public moved to dismiss the counterclaim, stating among others the ground of the one-year statute of limitations under TILA, 15 U.S.C. § 1640(e). Fletcher then moved for judgment on the pleadings or summary judgment. The parties stipulated that there were no contested facts, and the district court rendered judgment for Public in the amount of $2,249.22 plus court costs on May 26, 1980. The counterclaim was denied. The court amended the judgment June 6, 1980, to include a waiver of exemption rights. Fletcher appealed to the circuit court.
Public filed an answer to the counterclaim admitting the allegations thereof, but asserted the one-year statute of limitations as a defense. The parties submitted the case to the court on written factual stipulations. The circuit court found that the lender violated the TILA, but denied recovery on the basis of the statute of limitations. Judgment for Public was entered for $2,406.48. Fletcher’s motion to alter, amend or vacate the judgment was not ruled on within ninety days as required under Rule 59.1, A.R.C.P., constituting denial as of May 6, 1981. Olson v. Olson, 367 So.2d 504 (Ala.Civ.App.1979). Fletcher appeals.
Fletcher contends that his default on the note occurred initially within the one-year statute of limitations period under 15 U.S.C. § 1460(e). Thus, his counterclaim for violation of the TILA “relates back” to the first instance of default under Rule 13(c), A.R.C.P. and § 6-8-84, Code (1975).
Put another way, Fletcher contends that Public’s cause of action arose upon the date of his first default — i.e., prior to June 3, 1974. Section 6-8-84 is as follows:
When the defendant pleads a counterclaim to the plaintiff’s demand, to which the plaintiff replies the statute of limitations, the defendant is nevertheless entitled to his counterclaim, where it was a legal subsisting claim at the time the right of action accrued to the plaintiff on the claim in the action.
The issue which we now decide is whether Fletcher’s counterclaim was legally subsisting at the time Public’s cause of action arose so as to “relate back” or toll the statute of limitations under Rule 13 and § 6-8-84. See, Hewlett v. John Blue Employees Federal Credit Union, 344 So.2d 505, 507 (Ala.Civ.App.1976), cert. denied, 344 So.2d 509 (Ala.1977). Essential to the resolution of that issue is an understanding of the mechanics of an optional acceleration clause such as the one contained in this note. The clause read as follows:
A default in the payment of the full amount of any installment hereon, at the option of the holder hereof and without notice or demand, shall render the entire amount due hereon at once due and payable.
Under such a clause the words “without notice or demand” do not negate the requirement that the holder affirmatively elect to accelerate the debt. The option is not self-executing. See, 11 Am.Jur.2d Bills & Notes § 294. It is mandatory that some definitive action be made on the part of the lender — for example, filing suit for the entire debt, to accelerate the loan. See, 11 Am.Jur.2d Bills & Notes § 296.
Public did not exercise its option to accelerate until it filed its action for the entire debt on July 31, 1974. Alabama recognizes that optional acceleration clauses are written for the benefit of the creditor and give him the option to avail himself of the right to declare the advancement of maturity date of the note. Summers v. Wright, 231 Ala. 372, 165 So. 87 (1935). If he does not desire to exercise his right, it will continue until the stated date of maturity. The debtor cannot elect the time for it to be exercised or for it to cease. In Summers the supreme court said, “We have *1041 here adopted the view that such acceleration clause is for the benefit of the mortgagee, and is not intended to grant to the mortgagor a right, by his own default, to change his unconditional promise to pay at a given date as disclosed by his notes.’’ 231 Ala. at 373, 165 So. 87. See, also, Gorr Lumber Co. v. McMillan, 225 Ala. 303, 143 So. 173 (1932). Fletcher’s default during the first year of the note cannot divest Public of its right under the optional acceleration clause to determine when and whether to exercise its option. We note that if Public had not exercised its option to accelerate, it could have waited until maturity of the debt — the due date of final payment — to initiate its action. Public’s own statute of limitation did not begin until it made its election.
Therefore, Public’s cause of action for the full maturity value of its note did not accrue until it exercised its option to accelerate the maturity date of the note by its declaration in bringing suit. That it might have done so earlier is not determinative.
Though the date of the last and precipitating default was stated in the complaint to be July 31, 1974, the option to accelerate was exercised and the cause of action thus accrued at the filing of suit on October 29, 1974. Defendant’s cause of action derived from 15 U.S.C. § 1640(e) expired on June 2, 1974, one year from the date of the contract. Thus, defendants had no legal subsisting claim on either July 31 or October 29, 1974.
As we view the law, defendant’s counterclaim was subject to the plea of the statute of limitations. The judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.