IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

STEVEN CLAYTON THOMASON, ) 
 ) 
 Plaintiff, ) 
 ) 
 v. ) Case No. 2:20-cv-292-ALB 
 ) 
DEUTSCHE BANK NATIONAL ) 
TRUST COMPANY, AS TRUSTEE ) 
FOR HOME EQUITY MORTGAGE ) 
LOAN ASSET-BACKED TRUST ) 
SERIES INABS 2006-A, HOME ) 
EQUITY MORTGAGE LOAN ) 
ASSET-BAKCED CERTIFICATES 
SERIES INABS 2006-A., 

 Defendant. 
 MEMORANDUM OPINION AND ORDER 
 This matter comes before the Court on Plaintiff’s motion for a preliminary 
injunction, included in his amended complaint. See Doc. 9 at 5-6. Defendant seeks 
to foreclose on Plaintiff’s home on June 2, 2020, over eight years after it notified 
Plaintiff that the unpaid balance of his mortgage had been accelerated. Plaintiff 
seeks this preliminary injunction to prevent foreclosure on the grounds that, pursuant 
to Ala. Code (1957) § 7-3-118(a), enforcement of such an obligation must be sought 
within six years of the accelerated debt notification. 
 STANDARD 
 To obtain a preliminary injunction, a movant must show: (1) a substantial 

likelihood of ultimate success on the merits; (2) the preliminary injunction is 
necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm 
the preliminary injunction would inflict on the non-movant; and (4) the preliminary 

injunction would serve the public interest. See McDonald's Corp. v. Robertson, 147 
F.3d 1301, 1306 (11th Cir. 1998). 
 BACKGROUND 
 In 2005, Priscilla and Clayton Thomason decided to borrow $78,375.00, using 

their home as collateral. In October of 2009, Priscilla succumbed to breast cancer. 
On February 21, 2012, Defendant informed Clayton that it was seeking foreclosure 
on March 27, 2012. This foreclosure was postponed first to July 31, 2018, then to 

January 8, 2019, and finally to June 2, 2020. 
 Plaintiff filed the present suit in order to prevent the imminent foreclosure. 
 After a status conference, Plaintiff amended the complaint and sought a 
preliminary injunction. The parties agreed that no evidentiary hearing was necessary 

on the motion. See Doc. 15. 
 DISCUSSION 
 An injunction will not issue for three reasons. First, Plaintiff cannot establish 

a substantial likelihood of success because, procedurally, his claims are almost 
certainly barred by the doctrine of claim-splitting. Second, a substantial likelihood 
of success cannot be established because the alleged statute of limitations defense to 

foreclosure does not exist. Third, the preliminary injunction would not serve the 
public interest. 
1. Claim-splitting prevents a likelihood of success on the merits. 

 The amended complaint contains three counts: preliminary injunction, 
permanent injunction, and wantonness. The underlying claim in each count is the 
same: Defendant is liable for trying to foreclose more than six years after Plaintiff’s 
payment was accelerated in violation of Alabama law. This claim is mentioned in 

all three counts: “Now, over eight years later…[Defendant] has once again allegedly 
asserted its election to ‘accelerate’ the unpaid balance of the debt,” (Count 1) “the 
undisputed facts in this case clearly demonstrate the [Defendant] elected to 

accelerate the debt…eight years ago,” (Count 2) and “beyond the applicable six-year 
statute of limitations, [Defendant] is wantonly attempting to foreclose.” (Count 3). 
See Doc. 9 at 5-11. 
 But this exact claim is being litigated by Plaintiff in this exact district in a 

different suit. This strategy, called claim-splitting, is prohibited. Accordingly, there 
is no likelihood of success on the merits as to any count. 
 In the Eleventh Circuit, plaintiffs are required to assert all causes of action 

arising from the common set of facts underlying each lawsuit. See Vanover v. NCO 
Financial Services, Inc., 857 F.3d 833 (11th Cir. 2017). Courts are to examine (1) 
whether the same parties are involved and (2) whether the claims arise from the same 

transaction or series of transactions. If a second suit includes claims arising out of 
the same nucleus of operative facts underpinning the claims in the first suit, they are 
barred. Put another way, the Court must decide “whether the first suit, assuming it 

were final, would preclude the second suit.” Id. 
 Plaintiff is actively litigating a different suit in the Middle District of Alabama 
called Thomason v. Ocwen Loan Servicing, LLC, 2:19-cv-00256-ECM. In this suit 
there is a pending motion for reconsideration under rule 60 of the FRCP. See 2:19-

cv-256, Doc. 31. This motion by the same plaintiff against a group of defendants 
that includes Deutsche Bank, argues that the dismissal entered by the Honorable 
Judge in that case is “void and harsh because Plaintiff was tried without a fair trial 

and based on untruth res- judicata. (sic) The Merits of Plaintiff’s State complaint 
regarding Statute of Limitations have never been tried.” Id. at 5. Because that statute 
of limitations claim will be addressed when that suit reaches its conclusion, the 
doctrine of claim-splitting precludes consideration of it here and makes it impossible 

for Plaintiff to show a likelihood of success. 
2. There is no statute of limitation applicable to mortgage foreclosure in 
 Alabama. 
 A more fundamental problem with Plaintiff’s claim is that the Alabama 
Supreme Court has held explicitly that “there is no statute of limitation on the 

foreclosure of a mortgage.” Byrd v. Se. Enterprises, Inc., 812 So. 2d 266, 272 (Ala. 
2001). Yet, Plaintiff claims that Alabama UCC Articles 3 and 9, Ala. Code (1975) 
§ 7-3-118(a) and (g)), and Ala. Code (1975) § 6-2-34, all specifically prohibit 

Defendant’s attempt at foreclosure. Defendant responds that Plaintiff “conflates a 
statute of limitations applicable to recovery on a promissory note with the statute 
of limitations applicable to a foreclosure.” See Doc. 16 at 28. The Court agrees 

with Defendant. 
 Section 3-118(a) of the Uniform Commercial Code provides that “the 
obligation of a party to pay a note…at a definite time must be commenced within 

six years” after the accelerated due date. Section 7-3-118(a) of the Alabama Code 
is identical. Subsection (g) of the relevant Alabama Code Section provides a three-
year limitation for the enforcement of duties or rights “arising under this article and 
not governed by this section.” However, Title 7 of the Alabama Code mentions 

foreclosure as neither duty nor right. Mentions of mortgages in Section 9 of the 
UCC seem limited to defining what one is and how one is to be filed. 
 Foreclosure is nowhere to be found in any of the code sections cited by 

Plaintiff. Ala. Code (1975) § 6-2-34 is a catchall provision that establishes a six-
year statute of limitations for a laundry list of actions. The closest it comes to 
referencing mortgages or foreclosure is a reference to “actions founded on promises 
in writing not under seal” and “actions for the recovery of money upon a loan.” See 

Ala. Code (1975) § 6-2-34(4) and (5). In certain contexts, courts in Alabama have 
found these subsections relevant to mortgages. See e.g. Branch Banking & Tr. Co. 
v. McDonald, 2013 WL 5719084, at *6 (N.D. Ala. Oct. 18, 2013) (holding that 

“[b]ecause actions for declaratory judgment and for reformation and reinstatement 
of a mortgage touch on contract, the court looks to the statutes of limitation that 
apply to “a normal contractual arrangement” i.e. § 6-2-34(4) and (5)); Lamar v. 
Lamar, 470 So. 2d 1242, 1245 (Ala. Civ. App. 1985) (holding that § 6-2-34(5) is 

inapplicable where there is no evidence that a payment of a mortgage balance is 
considered to be “a loan to the estate.”) Even where courts mention this statute in 
connection with mortgages however, there is no accompanying mention of 

foreclosure. 
 The only case Plaintiff adduces to support his claim about the statute of 
limitations on mortgage foreclosures is Evans v. Kilgore, 246 Ala. 647, 649, 21 So. 
2d 842, 843 (1945). However, Evans was an action to recover an amount due on a 

promissory note, not a foreclosure. As neither the statutes nor the caselaw adduced 
by Plaintiff support the existence of his claim, it is unlikely any of his counts will 
move forward. The Court is bound to apply Alabama law as pronounced by the 
Alabama Supreme Court to the merits of Plaintiff’s claim, and that law does not 
favor him. 

3. A preliminary injunction would weigh against the public interest. 

 There can be no dispute “that a bank must be able to foreclose on its properties 
for non-payment of the mortgage per the contract.” Reese v. Provident Funding 
Assocs., LLP, 317 Ga. App. 353, 359, 730 S.E.2d 551, 555 (2012) (vacated on other 

grounds). Plaintiff took out this loan fifteen years ago. This is his third suit in this 
federal district regarding the same general claims. The first, 2:12-cv-00604, has 243 
docket entries, was dismissed, went to the Eleventh Circuit on appeal, was remanded 

back to this district, and dismissed again. Plaintiff also filed 2:19-cv-00256, which 
was dismissed because he sought to bring identical claims. 

 Plaintiff has had his day in court and then had two more. After taking out a 
loan for less than 100,000 dollars, Plaintiff has forced numerous financial 
institutions to litigate the same matter for nearly a decade trying to recoup what they 

lent him. The public interest is not served by delaying the foreclosure any longer. 
 In Johnson v. U.S. Dep't of Agric., 734 F.2d 774, 789 (11th Cir. 1984), the 

Eleventh Circuit found that the district court had abused its discretion when it denied 
a preliminary injunction against a foreclosure because the relative harm from 
granting the injunction was slight compared to forcing litigants out of their homes 
when they had meritorious due process and discrimination claims. The merits of 
Plaintiff’s claims are very different here. And the equities are too. The Bank gave 

him notice eight years ago, and he has had his day in court to contest the foreclosure. 
 CONCLUSION 

 Plaintiff has failed to establish the prerequisites for a preliminary injunction. 
Accordingly, the motion for a preliminary injunction is due to be DENIED. 

 DONE and ORDERED this 1st day of June 2020. 

 /s/ Andrew L. Brasher 
 ANDREW L. BRASHER 
 UNITED STATES DISTRICT JUDGE